Clarence P. SHERMAN, Appellant,

v.

AIR REDUCTION SALES COMPANY,
Division of Air Reduction Company
Incorporated, Appellee.

No. 13242.

United States Court of Appeals
Sixth Circuit.

Jan. 21, 1958.

John G. Rust, Toledo, Ohio, for appellant.

Arnold F. Bunge, Toledo, Ohio, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on brief, for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This appeal challenges an order of dismissal in an action for personal injuries. The question presented is whether the district court was correct in determining that the appellant's claim was barred

by the passage of time under Ohio law. At issue is the proper construction of the Ohio statute which permits a second action to be brought within one year after a prior action has failed otherwise than upon the merits.[1] The facts out of which the controversy grows are relatively uncomplicated.

On July 29, 1952, the appellant, while working for a third party on a construction job at Rossford, Ohio, was injured by the sudden release and ignition of acetylene gas from a cylinder supplied to his employer by the appellee. To recover damages for his injuries the appellant brought suit against the appellee in the Court of Common Pleas of Lucas County, Ohio. His petition[2] was filed on July 27, 1954, shortly before the action would have been barred by the applicable Ohio statute of limitations. Ohio Rev.Code, Section 2305.10. The petition alleged that the appellant's injuries had been caused by the appellee's negligence in delivering an acetylene cylinder with defective threads on the tank valve, which ordinary care would have disclosed. Diversity of citizenship existing, the case was removed by the appellee to the federal district court. There, after certain preliminary proceedings, on January 18, 1956, the court on its own motion dismissed the action without prejudice for want of prosecution.

About ten months later, on October 26, 1956, the appellant brought a new action against the appellee in the Lucas County Court of Common Pleas, again seeking damages for the injuries he had received on July 29, 1952, and again alleging that his injuries had been caused by the appellee's negligence. This petition was much longer and more elaborate than its predecessor. Contained therein were seven specifications of negligence. One of the specifications was that the appellee had furnished a cylinder in which the tank cylinder valve and valve seat to which the acetylene regulator was attached were defective and did not join tightly, and that the appellee would have discovered this defect in the exercise of ordinary care, which the appellant contends was a generalized paraphrase of the allegation of negligence contained in the first petition. The remaining six specifications of negligence, relating variously to the appellee's failure to warn of the existence of fusible plugs, failure to warn of the danger of placing the cylinder in a horizontal position, and failure to provide a handle to close the cylinder valve, were without counterpart in the earlier petition.

This action was also removed by the appellee to the federal court. There the appellee filed a motion to dismiss or in the alternative that the complaint be reformed, or that certain allegations be stricken. The grounds for the motion to dismiss were three: first, the failure of the complaint to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; second, that the complaint showed on its face that the action had not been brought within two years, coupled with the assertion that this was a different action from the one commenced earlier and therefore not subject to the above-mentioned one year saving statute; and third, that the complaint failed to state a claim upon which relief could be granted.

Without passing on the alternative motions to reform or to strike, and expressing no opinion on the first and third grounds of the motion to dismiss, the district court entered an order of dismissal upon the second ground. "The issues in the present case," reasoned the

---

1. "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant." Ohio Rev.Code, Section 2305.19.

2. In Ohio the initial pleading is a "petition," not a "complaint."

court, "are entirely different from the issues presented in the initial case. * * Under the present complaint completely new and different evidence would be required, all of which was not within the scope of the original complaint and the negligence of defendant complained of therein." The court accordingly concluded that the action was not saved by the provisions of Ohio Rev.Code 2305.19.

 There is no question but that the law of Ohio is controlling.[3] The sole issue here is whether the district judge construed too narrowly the Ohio statute in holding that within its meaning the appellant's "new action" was not the same "action" that had previously been dismissed without prejudice for lack of prosecution.

Counsel for neither party has called to our attention any decision by an Ohio appellate court asserted to be controlling of the issue, and we have found none. Larwill v. Burke, 1900, 19 Ohio Cir. Ct.R. 449, affirmed without opinion, 1902, 66 Ohio St. 683, 65 N.E. 1130, cited by the appellee, holds nothing more than that the parties to the two actions must be the same for the statute to apply. Similarly, Kittredge v. Miller, 1896, 12 Ohio Cir.Ct.R. 128, 131, affirmed without opinion, 1897, 56 Ohio St. 779, 49 N.E. 1113, and Burgoyne v. Moore, 1890, 12 Ohio Cir.Ct.R. 31, affirmed without opinion, 1894, 51 Ohio St. 626, cited by the appellant, are also far from dispositive of the problem at hand.

There is, however, a line of Ohio Supreme Court decisions, relied upon by the appellant, which point convincingly to the conclusion that the present action was within the purview of Ohio Rev.Code 2305.19. Representative of these decisions are Cohen v. Bucey, 1952, 158 Ohio St. 159, 107 N.E.2d 333; Brown v. Cleveland Baseball Co., 1952, 158 Ohio St. 1, 106 N.E.2d 632; and Louisville & N. R. Co. v. Greene, 1925, 113 Ohio St. 546, 149 N.E. 876. These cases have arisen under the Ohio statute governing the amendment of pleadings.[4] In each case the defendant asserted that the plaintiff's amendment of the petition actually stated a new cause of action, which was barred by the statute of limitations. In consistently rejecting these contentions the Ohio Supreme Court has adopted a very liberal view of what constitutes "an action" or a "cause of action."

Thus, in the Cohen case it was held that a petition alleging negligent injury of the plaintiff could be amended after the limitation period had run by adding allegations of willful and wanton misconduct. In the Brown case the original petition alleged that the defendant had been negligent in constructing seats for spectators, and the amendment to the petition, made after the statutory period of limitation had expired, alleged that the defendant had negligently failed to supervise the construction of the seats by an independent third party. As in the Cohen case, it was held that there had been no change in the plaintiff's cause of action, and that the amendment was therefore permissible. The Greene case was an action for wrongful death resulting from injuries sustained in Kentucky. The plaintiff failed to plead the Kentucky wrongful death statute, although under the then existing law of Ohio that allegation was essential to

---

3. Guaranty Trust Co. of N. Y. v. York, 1945, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

4. Now contained in 2309.58 of the Ohio Rev.Code, the statutory language has been substantially the same for many years: "Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment." 2309.58 Ohio Rev.Code.

state a cause of action. Here again, an amendment setting out the Kentucky statute was permitted after the expiration of the statutory limitation period.

Although arising in a different statutory context, these authoritative pronouncements of the Supreme Court of Ohio, and the other Ohio decisions upon which they proceed, conclusively reveal the Ohio concept of what constitutes a single cause of action. Under the broad test of identity demonstrated by these decisions, it is evident that the appellant's new action in the present case was the same as his previous action which was dismissed without prejudice, and that it was therefore brought in time by virtue of Ohio Rev.Code 2305.19.

The new action, like the first, was to recover damages for injuries sustained by the appellant on July 29, 1952, and caused by the appellee's negligence in connection with the acetylene cylinder which it supplied. The appellee was apprised of the claim within two years after the injuries were received, and apprised that the claim had been renewed within a year after the original action had been dismissed without prejudice. It is therefore evident that both the letter and the policy of the Ohio legislation permitted the present action to be brought on October 26, 1956.

We are confirmed in this view by what Chief Justice Weygandt has written for the Ohio Supreme Court about the Ohio one year saving statute. The statute, he said, is a "broad and unambiguous" one which should be "liberally construed in order that controversies shall be decided upon important substantive questions rather than upon technicalities of procedure." Greulich v. Monnin, 1943, 142 Ohio St. 113, 116, 50 N.E.2d 310, 312, 149 A.L.R. 477.

Accordingly the district court was in error in determining that the action was barred by lapse of time.

■ If, however, the order of dismissal was correct, even though based upon a wrong reason, it must of course be affirmed. Helvering v. Gowran, 1936,

302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; Securities and Exchange Commission v. Chenery Corp., 1943, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626; United States v. Stock Yards Bank, 6 Cir., 1956, 231 F.2d 628; Ginsburg v. Black, 7 Cir., 1956, 237 F.2d 790, 792. We have examined therefore, the other two grounds for the motion to dismiss, which the district court did not consider, but we find them both without merit.

■ To be sure, the complaint is far from a model pleading under the Federal Rules of Civil Procedure. It can hardly be called "a short and plain statement" of the appellant's claim [Rule 8(a)], each averment of which is "simple, concise, and direct" [Rule 8(e) (1)]. It should be noted, however, that the action was originally filed in the Ohio Common Pleas Court, where the rules and customs as to pleadings differ from federal practice. Any surplusage or inartistry will, of course, be subject to appropriate corrective motions in the district court.

■ As to the remaining and more fundamental ground of the motion to dismiss, it certainly cannot be said at this stage of the proceedings that the complaint fails to state a claim upon which relief can be granted, assuming, as we must, that the facts stated in the complaint are true. Questions as to the sufficiency of the various specifications of negligence and the issue of the appellant's contributory negligence cannot properly be resolved in this case upon a motion to dismiss, but must await further factual development in the district court, either by pretrial proceedings or the trial itself.

■ The law is well settled that a motion to dismiss a complaint should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts which could be proved in support of his claim. After a trial on the merits it may turn out that the appellee is correct that the appellant cannot prevail, but that determination cannot be made now. As Mr. Justice Brandeis wrote, "Lawsuits also

often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 51–52, 58 S.Ct. 459, 464, 82 L.Ed. 638; Lada v. Wilkie, 8 Cir., 1957, 250 F.2d 211.

The order of dismissal is set aside, and the case is remanded to the district court for a trial on the merits.