NATIONAL FIRE INS. CO., APPELLANT, *v.* JOSLYN MFG. CO., APPELLEE.

(No. 6577—Decided January 6, 1971.)

*Messrs. Kitchen, Messner & Leyshon*, for appellant.
*Mr. Raymond J. McGowan*, for appellee.

HUNSICKER, P. J.   This is an appeal on questions of law entered on a judgment which sustained a demurrer and ordered that the petition, as filed by the plaintiff, be dismissed.

Plaintiff says that: one Oliver Altman was, on or before June 9, 1961, the owner of a building which he leased to Joslyn Mfg. Company; on June 9, 1961, as a result of the negligence of the tenant, the building was destroyed by fire; Oliver Altman filed suit against the tenant for $40,000,

the claimed value of the building; thereafter, National Fire Insurance Company became a new party to such action as an additional plaintiff; on December 30, 1968, that action was dismissed for want of prosecution.

On December 23, 1969, the National Fire Insurance Company filed the within action against Joslyn Mfg. Company saying that, on July 28, 1961, Oliver Altman, "for a valuable consideration, assigned, transferred, set over and subrogated unto the plaintiff, National Fire Insurance Company, his cause of action against the defendant to the extent of $18,000." National Fire Insurance Company seeks a judgment against Joslyn Mfg. Company for the sum of $18,000.

It was to this petition that a demurrer was filed, claiming, among other things, that the cause of action is barred by the statute of limitations. To this claim, the plaintiff insurance company asserts the right granted under R. C. 2305.19, to file a new action within a year after the original action was dismissed.

R. C. 2305.19 in the part applicable herein, says:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

It is the claim of the National Fire Insurance Company that, as subrogee of Oliver Altman, it is, in effect, the same party that prosecuted the original action and, hence, comes within the terms of R. C. 2305.19, set out above.

In *Sherman* v. *Air Reduction Sales Co., etc.*, 84 Ohio Law Abs. 604, the United States Sixth Circuit Court of Appeals, citing *Greulich* v. *Monnin*, 142 Ohio St. 113, said that the statute here under consideration should be liberally construed. None of the authorities cited, however, had a situation as is found in the instant case. Here there is a

question of parties, not causes of action. Is the present action brought by the same party that brought the action which was dismissed on December 30, 1968? *Larwill* v. *Burke*, 19 C. C. 449 (affirmed without opinion in 66 Ohio St. 683), says that, in a situation such as we have here, the parties to the two actions must be the same for the statute to apply.

In some states there may be provisions for the assignee to pursue the action. However, in New York, under a similar statute or the civil practice act, it was held that the parties must be the same. *Breen* v. *State*, 37 N. Y. S. 2d 371. Under the present New York act, N. Y. Consol. Laws, Vol. 7B, Sec. 205 (McKinney 1963), the time limit to commence the action is reduced to six months. The statute in Indiana, 2 Burns Indiana Statutes, Part 1, Section 2-608, provides for a five year period under some limited conditions.

We find no statutes exactly like the Ohio law, and no decisions that are helpful in concluding the problem we have herein. Our statute is clear that "the plaintiff" referred to therein is not an assignee nor one of two parties plaintiff, but is the same plaintiff that instituted the original action which failed otherwise than upon the merits. It was said in the case of *Greulich* v. *Monnin, supra*, at page 116, that the Ohio statute was "broad and unambiguous." We agree that it is unambiguous, and the phrase, "the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action * * *" does not mean an assignee of a portion of the claim, or one to whom the original plaintiff sold an interest in the action.

We determine that the trial court did not err in entering a judgment of dismissal of the action herein. The judgment must be affirmed.

*Judgment affirmed.*

Doyle and Brenneman, JJ., concur.