KINNEY ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, APPELLEE, ET AL.

(No. 86AP-112 — Decided September 9, 1986.)

*Jay F. McKirahan,* for appellants George E. Kinney et al.

*Anthony J. Celebrezze, Jr.,* attorney general, *Nancy J. Miller* and *Mark T. D'Alessandro,* for appellee.

BROGAN, J. This is an appeal by plaintiffs-appellants from an adverse judgment of the Ohio Court of Claims.

The present action involves a confusing meander through two court systems. The facts forming the basis of plaintiffs' cause of action are relatively unimportant for purposes of appeal.

However, the procedural posture of the case requires a rather in-depth discussion.

On December 13, 1984, plaintiffs filed an action in the Court of Common Pleas of Franklin County, asserting violations of state tort law and Sections 1983 and 1985, Title 42, U.S. Code. The complaint named the Department of Administrative Services ("DAS") and numerous state employees.

Defendants therein moved for dismissal pursuant to Civ. R. 12(B)(1) and (6) and alternatively for summary judgment. In a decision dated July 11, 1985, the trial court stated:

"Defendants are correct in asserting that no basis for a 42 U.S.C. §§ 1983 or 1985 action has been shown. Defendants are further correct that the tort claims against the individual defendants are asserted against them in their capacity as state officials. This being so the correct forum is the Court of Claims. Defendants' motion for summary judgment is therefore SUSTAINED. Counsel shall prepare an appropriate judgment entry of DISMISSAL."

Plaintiffs appealed to the Court of Appeals for Franklin County. The court subsequently affirmed the decision of the trial court. See 30 Ohio App. 3d 121, 30 OBR 237, 507 N.E. 2d 399.

On July 29, 1985, plaintiffs initiated a new action in the Court of Claims based on the same operative facts that had been asserted in their previous common pleas court action. The Court of Claims dismissed the individually named defendants stating that the only defendant in original actions in the Court of Claims is the state under R.C. 2743.02(E).

On October 25, 1985, defendant-appellee DAS moved for dismissal pursuant to Civ. R. 12(B)(6) claiming the plaintiffs' action was beyond the two-year statute of limitations provided in actions against the state. Plaintiffs, however, contended their action was "saved" by the one-year savings provision in R.C. 2305.19.

By entry dated January 21, 1986, the court granted DAS's motion for dismissal. The court noted that the entry of summary judgment in the court of common pleas was a dismissal on the merits which precluded the operation of the savings statute.

Plaintiffs filed a timely notice of appeal and asserted two assignments of error:

"I. The trial court erred in granting defendant's motion for summary judgment because the trial court improperly construed a related order for summary judgment which in fact should have, under applicable law, been treated as a motion to dismiss.

"II. Where a related case is actually dismissed other than on the merits the plaintiff may preserve his action in another court by refiling within one year pursuant to O.R.C. 2305.19."

The present controversy requires an examination of the various facets of the Ohio savings statute embodied in R.C. 2305.19. The statute provides in part:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.* * *"

Plaintiffs contend that Justice Stern below misconstrued the nature of dismissal by finding their common pleas court action had been dismissed on the merits. Plaintiffs argue that although the common pleas court's final entry was couched in terms of granting summary judgment, the state tort claims were actually dismissed for lack of subject matter jurisdiction.

We agree. A court is without power

to grant summary judgment on a claim where subject matter jurisdiction is lacking. *State, ex rel. Mayfield Heights,* v. *Bartunek* (1967), 12 Ohio App. 2d 141, 41 O.O. 2d 222, 231 N.E. 2d 326. Pursuant to R.C. 2743.03(A), the Court of Claims has exclusive and original jurisdiction of all civil actions against the state. Accordingly, the common pleas court had a mandatory duty to dismiss the claims against DAS as it had no vested power to adjudicate the merits of the action. *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, 6 OBR 387, 453 N.E. 2d 632. A dismissal for lack of subject matter jurisdiction is "otherwise than upon the merits" for purposes of R.C. 2305.19. *Wasyk* v. *Trent* (1963), 174 Ohio St. 525, 23 O.O. 2d 174, 191 N.E. 2d 58.

The trial court was in error in determining that the action was barred by lapse of time.

If, however, the order of dismissal was correct, even though based on the wrong reason, it must be affirmed. *Sherman* v. *Air Reduction Sales Co.* (C.A. 6, 1958), 251 F. 2d 543, 546, 11 O.O. 2d 394, 396. We must therefore examine the additional arguments raised by DAS in opposition to the application of the savings statute.

DAS claims the savings statute is applicable only where an action is commenced, dismissed otherwise than upon the merits, and recommenced in the same court. DAS points to the case of *Reece* v. *Ohio State Univ. Hosp.* (1983), 6 Ohio St. 3d 162, 6 OBR 221, 451 N.E. 2d 1196, where the plaintiff's original action and new action were both commenced in the Court of Claims.

Although the facts of *Reece* may support DAS' claim, reliance on the case is misplaced. The precise issue before the Supreme Court in *Reece* was whether the savings statute was even applicable to suits against the state in the Court of Claims.

Moreover, the savings statute has been applied in actions brought in different courts. In *Wasyk* v. *Trent, supra,* plaintiff's initial action was commenced in federal court but was later dismissed for lack of jurisdiction. The action was subsequently reinstituted in state court by virtue of the savings clause. See, also, *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Bemis* (1901), 64 Ohio St. 26, 59 N.E. 745.

Imposing a jurisdictional requirement on R.C. 2305.19 would abrogate the remedial nature of the statute. Generally, remedial statutes are liberally construed. *Wasyk, supra,* at 529, 23 O.O. 2d at 176, 191 N.E. 2d at 61. By its terms, R.C. 2305.19 does not restrict the jurisdiction where a new action may be maintained, but, rather, focuses on whether the particular cause of action is subject to the one-year provision.

We find the plaintiffs' new action in the Court of Claims would not be precluded under the savings statute, even though the original action was brought in the court of common pleas.

A final question with regard to the applicability of the savings statute is whether the plaintiffs' original action and new action are substantially the same. In *Children's Hospital* v. *Dept. of Public Welfare* (1982), 69 Ohio St. 2d 523, 23 O.O. 3d 452, 433 N.E. 2d 187, the Ohio Supreme Court held the savings statute is inapplicable where the parties and relief sought in the new action are different from those in the original action. See, also, *Kittredge* v. *Miller* (1896), 12 Ohio C.C. 128, affirmed (1897), 56 Ohio St. 779, 49 N.E. 1113; *Larwill* v. *Burke* (1900), 19 Ohio C.C. 449, affirmed (1902), 66 Ohio St. 683, 65 N.E. 1128; *National Fire Ins. Co.* v. *Joslyn Mfg. Co.* (1971), 25 Ohio App. 2d 13, 54 O.O. 2d 9, 265 N.E. 2d 791.

We have compared the circumstances of the case *sub judice* with those presented in the cases above and find several notable differences which sug-

gest plaintiffs' case is distinguishable. Plaintiffs' original suit before the court of common pleas named the Ohio Department of Administrative Services, William Denihan, Ronald W. Remy, Robert W. Dunbar and Joseph Sommer. Several causes of action were enumerated based on federal and state law; plaintiffs sought injunctive and monetary relief. Plaintiffs' new action in the Court of Claims named the Ohio Department of Administrative Services, William Denihan, Ronald W. Remy, and Joseph Sommer. The complaint stated causes of action based solely on state law and sought monetary relief.

Although at first glance the parties and relief sought do not appear to be substantially the same under *Children's Hospital* and its ancestors, further examination of the facts reveals the dissimilarities. Initially, the parties named in the Court of Claims action had all been named in the original action. Thus, we are not presented with a situation where there is an attempt to add defendants, see *Children's Hospital, supra; Larwill, supra,* or change plaintiffs, see *National Fire Ins. Co., supra.* Every party named in plaintiffs' new action had been put on notice in the initial action.

Second, although plaintiffs dropped their federal causes of action and claim for injunctive relief in the Court of Claims action, the remaining state causes of action and monetary demands for each remained the same. DAS was not prejudiced in any manner by having to defend against a "new theory" or "cause of action" that had not been presented in the initial case. See *Sherman* v. *Air Reduction Sales Co., supra.*

Finally, we base our decision not only on the factual distinctions but, also, on strong policy considerations. The laudable purpose of the statute of limitations is to promote justice by preventing surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. Since the savings statute is available only to plaintiffs whose actions were timely commenced, such statutes are perfectly consistent with the goals statutes of limitations are designed to serve.

It would not be unjust in the present case to require DAS to defend against the claims. DAS was apprised of the original action within the period of limitations, and apprised that the claim had been renewed within one year after the original action had been dismissed without prejudice.

Additionally, we are in accord with the view expressed by Chief Justice Weygandt concerning the savings statute. He stated the statute is "broad and unambiguous" and should be "liberally construed in order that controversies * * * be decided upon important substantive questions rather than upon technicalities of procedure." *Gruelich* v. *Monnin* (1943), 142 Ohio St. 113, 116, 26 O.O. 314, 315, 50 N.E. 2d 310, 312.

In light of the fact that plaintiffs did not add new causes of action or parties to their Court of Claims case, we consider the cases to be substantially the same for purposes of the savings statute. In doing so we find both the letter and policy of R.C. 2305.19 will be furthered by permitting plaintiffs' action to be determined on the merits.

Plaintiffs' second assignment of error is well-taken and is therefore sustained.

For the foregoing reasons, plaintiffs' first and second assignments of error are sustained, the judgment of the Court of Claims is reversed, and the cause is remanded to that court for a trial on the merits.

*Judgment reversed
and cause remanded.*

MOYER, P.J., and REILLY, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.