## Afrates v. Lorain
*[Cite as 5 AOA 243]*

*Case No. 90CA004743*
*Lorain County, (9th)*
*Decided August 8, 1990*

*Eric P. Allen, Attorney at Law, The Rockefeller Bldg., 614 W. Superior Ave., Cleveland, OH 44113, for Plaintiff.*

*Diane Karpinski, Asst. Attorney General, 615 W. Superior Ave., 12th Floor, Cleveland, OH 44113, for Defendants.*

*Myron Harcasz, Attorney at Law, City Hall, 7th Floor, 200 W. Erie Ave., Lorain, OH 44052, for Defendants.*

BAIRD, P.J.

This cause comes before the court upon the appeal of Kenneth Afrates from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of defendants City of Lorain, the Administrator of the Ohio Bureau of Workers' Compensation, and the Ohio Industrial Commission.

On April 22, 1987, the Ohio Bureau of Workers' Compensation allowed appellant's claim for injury sustained in the course of and arising out of his employment with the Lorain Fire Department. After the expiration of the sixty-day time period for appeal provided by R.C. 4123.519, the City of Lorain filed a motion with the in pursuant to R.C. 4123.522, claiming that it did not receive notice of the order as required by that statute, and requesting a hearing on the merits of Afrates's claim. On June 31 1988, the industrial Commission found that the city had not received proper notice of the order, and granted the city leave to file an objection to the order, pursuant to R.C. 4123.522.

Afrates appealed to the Lorain County Court of Common Pleas. Upon motion for summary judgment, the court determined that it did not have subject matter jurisdiction over the matter as it was not a final appealable order, and thus dismissed the case.

*Assignment of Error*
"I. Because a decision by the Industrial Commission made pursuant to Ohio Revised Code section 4123.522 is a final appealable order, the trial court erred in dismissing appellant's cause of action for lack of subject matter jurisdiction."

The disposition of the issue raised in this assignment of error is controlled by *State, ex rel. O.M. Scott & Sons Co. v. Indus. Comm.* (1986), 28 Ohio St. 3d 341, and *Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St. 3d 108. In *Scott*, the Supreme Court of Ohio found that "any order of the commission may be appealed to the court of common pleas by either party unless the order pertains to the extent of disability", pursuant to R.C. 4123.519. *State, ex rel. O.M. Scott & Sons Co., supra* at 343. The court extended this principle in *Seabloom*, where it held that an order denying an employer relief pursuant to R.C. 4123.522 was appealable.

We are not persuaded by the reasoning of the Fifth District Court of Appeals in *Tristano v. Mark* (November 8, 1989), Tuscarawas App. No. 30026, unreported, in which that court determined that an order granting an employer relief pursuant to R.C. 4123.522 is appealable, yet is not a "final appealable" order pursuant to R.C. 2505.02.

Pursuant to R.C. 2505.03(B), Chapter 2505 of the Revised Code and the Rules of Appellate Procedure apply to administrative proceedings only insofar as other sections of the Revised Code do not apply. R.C. 4123.519 governs the rights to appeal from a decision in a workers' compensation action. As construed by the Supreme Court of Ohio in the above cases, R.C. 4123.519 apparently allows an immediate appeal to be taken from what in other contexts would be an interlocutory order.

Appellant's first assignment of error is well taken.

*Assignment of Error*

"I. Because appellant presented genuine issues of material fact, the trial court erred in granting summary judgment in favor of appellees."

The judgment entry of the trial court shows that the court granted summary judgment solely on the basis of its determination that it lacked subject matter jurisdiction. This was procedural error, as summary judgment acts as a determination of an action on the merits, while a dismissal for lack of subject matter jurisdiction pursuant to Civ. R. 12(B)(1) acts as a judgment other than on the merits. A court is without power to grant summary judgment on a claim where subject matter jurisdiction is lacking. *Kinney v. Ohio Dept. of Admin. Serv.* (1986), 30 Ohio App. 3d 123. The court made no determination on the merits of Afrates's claim that the City of Lorain had actual notice on April 26, 1987, of the April 22 order of the workers' compensation bureau, and was therefore ineligible for R.C. 4123.522 relief. To the extent noted herein, the second assignment of error is also sustained.

Based on our determination that the trial court has jurisdiction to hear the appeal in the present case, we reverse the ruling of the trial court and remand for further proceedings.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution.

*Judgement reversed and*
*cause remanded.*

CIRIGLIANO, J., and HAYES, J., concur.

HAYES, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A) (3), Constitution.