DECISION AND JUDGMENT ENTRY
Lanny and Patricia Cavin appeal the Lawrence County Common Pleas Court's dismissal of their amended complaint against Roy Smith, the Lawrence County Sheriff ("the sheriff"). The Cavins assert that the trial court erred in dismissing their complaint because it was timely filed based upon application of the "savings statute." Because the Cavins' second complaint was timely filed pursuant to the savings statute, and because their amended complaint did not have the effect of creating an additional cause of action against the sheriff under Civ.R. 15(C), we agree. Accordingly, we reverse the judgment of the trial court.
 I.
From approximately January 17, 1993 through January 30, 1997, the sheriff had possession of the Cavins' real and personal property located on South Third Street in Ironton, Ohio, pursuant to an order of execution and sale. The Cavins filed a complaint on January 20, 1999, alleging that during the time of the sheriff's possession, the property was damaged as a result of the sheriff's "failure to properly secure and protect the property."
The sheriff filed a motion to dismiss based upon sovereign immunity. However, prior to the court's ruling on the motion, on April 28, 1999, the Cavins blocked dismissal with prejudice by voluntarily dismissing the original complaint without prejudice. The parties do not dispute that the Cavins filed the original complaint within the relevant statutory time period. The parties also do not dispute that the Cavins dismissed the original complaint after the statutory time period had expired.
On April 28, 2000, pursuant to R.C. 2305.19, the "savings statute," the Cavins refiled their original complaint. The sheriff filed a motion for summary judgment based upon sovereign immunity. Again prior to the court's ruling upon the sheriff's motion, the Cavins blocked an adverse decision, this time by amending their complaint. In their amended complaint, the Cavins alleged that during the time of the sheriff's possession, the property was damaged as a result of the sheriff's "willful and wanton misconduct in failing to properly secure and protect the property."
The sheriff filed a motion to dismiss alleging that the Cavins' cause of action was barred by the statute of limitations. The trial court agreed, finding that the savings statute did not save the Cavins' allegation of willful and wanton misconduct because that action was not set forth as a cause of action in the original complaint.
The Cavins appeal, asserting the following assignment of error:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS BASED ON THE COMPLAINT BEING UNTIMELY FILED, WHEN THE PLAINTIFF'S COMPLAINT WAS ORIGINALLY FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS, THEN VOLUNTARILY DISMISSED AND REFILED WITHIN THE TIME ALLOCATED BY R.C. 2305.19, THE "SAVINGS STATUTE."
 II.
Civ.R. 12(B)(6) provides that a trial court may grant a motion todismiss a complaint for "failure to state a claim upon which relief can be granted." When ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all factual allegations in the complaint. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190, 193. Additionally, the court must draw all reasonable inferences in favor of the nonmoving party. Id. In order for a complaint to be dismissed under Civ.R. 12(B)(6) as being barred by the statute of limitations, it must be obvious from the face of the complaint that the action is time-barred.Steiner v. Steiner (1993), 85 Ohio App.3d 518-19. When it is obvious from the face of a complaint that the statutory period for filing a claim has expired, it is the duty of the plaintiff to assert exceptions to the statute. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 174. Otherwise, dismissal pursuant to Civ.R. 12(B)(6) is appropriate. Mitchell v. SpeedyCar X, Inc. (1988), 127 Ohio App.3d 229, 231, citing Steiner at 518-19. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. MarksmanProds., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
In general, the purpose of a statute of limitations is to promote justice by preventing surprise through the revival of claims that parties have declined to pursue until evidence has been lost and memories have faded. The savings statute, R.C. 2305.19, is perfectly consistent with the goals that statutes of limitations are designed to serve because it is available only to plaintiffs who timely pursue their claims.
R.C. 2305.19 provides:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.
R.C. 2305.19 applies to save a plaintiff's action, otherwise barred by the statute of limitations, "when the original suit and the new action are substantially the same." Children's Hosp. v. Dept. of Pubic Welfare
(1982), 69 Ohio St.2d 523, 525. As a matter of policy, R.C. 2305.19
should be "liberally construed in order that controversies * * * be decided upon important substantive questions rather than upon technicalities of procedure." Kinney v. Ohio Dept. Admin. Serv. (1986),30 Ohio App.3d 123, 126, citing Gruelich v. Monnin (1943),142 Ohio St. 113, 116.
In this case, the Cavins' second complaint was identical to their first complaint, and thus it clearly falls within the purview of the savings statute. The sheriff asserts, however, that once the Cavins amended their complaint, they asserted a new cause of action that is not permissible under the savings statute.
Both the Cavins and the sheriff rely upon the Kinney decision and cite the following quotation summarizing its reasoning:
 In light of the fact that plaintiffs did not add new causes of action or parties to their Court of Claims case, we consider the cases to be substantially the same for purposes of the savings statute. In doing so we find both the letter and policy of R.C. 2305.19
will be furthered by permitting plaintiffs' action to be determined on the merits.
The Cavins assert that the cause of action they asserted in their amended complaint is "substantially the same" as their original claim. Indeed, as the Cavins note, the only difference between their original complaint and their amended complaint is the addition of the words "willful and wanton misconduct." Thus, the Cavins assert that the trial court should have permitted them to present their case on its merits.
Conversely, the sheriff asserts that the Cavins' amended complaint added a new cause of action to the case. The sheriff notes that the General Assembly has specifically differentiated between causes of action based in negligence and those based on willful and wanton misconduct by providing immunity for negligent acts but not for willful and wanton acts. Thus, the sheriff contends that he will be prejudiced if forced to defend against the Cavins' new theory of recovery.
In our view, Kinney relates to the Cavins' second complaint, but not to their amended complaint. Civ.R. 15(C) concerns the relation back of amendments to pleadings. That rule provides in part:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
Thus, the question before us is whether the Cavins' claim of willful and wanton misconduct in their amended complaint arose out of the same conduct, transaction, or occurrence the Cavins set forth or attempted to set forth in their original pleading.
The Supreme Court of Ohio has squarely addressed whether the amendment of a negligence complaint with the addition of allegations of willful misconduct relates back for purposes of applying the statute of limitations. In Cohen v. Bucey (1952), 158 Ohio St. 159, at paragraph two of the syllabus, the court held as follows:
 An amendment of a petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations characterizing such injury as willful (sic) or intentional does not have the effect of stating an additional cause of action, such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action, and such amendment relates back to the time when the action was commenced. Schweinfurth v. C., C., C. St.L. Ry. Co. (1899), 60 Ohio St. 215, approved and followed.
Cohen is consistent with the line of Ohio Supreme Court cases relating to the amendment of pleadings in which the court has rejected the defendant's assertion that the plaintiff's amendment to his complaint actually stated a new cause of action that was barred by the statute of limitations. See Brown v. Cleveland Baseball Co. (1952), 158 Ohio St. 1;Louisville N.R. Co. v. Greene (1925), 113 Ohio St. 546. See, also,Sherman v. Air Reduction Sales Co. (6th Cir. 1951), 251 F.2d 543, 545, citing Cohen, Brown, and Louisville, supra.
As we are bound to follow the syllabus law decreed by the Ohio Supreme Court, we find that the Cavins did not state a new cause of action when they amended their second negligence complaint to include a claim for willful and wanton misconduct. Therefore, the trial court erred when it ruled that the Cavins' complaint was barred by the statute of limitations. We sustain the Cavins' assignment of error.
Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Roger L. Kline, Judge.