FRANKLIN COUNTY SHERIFF'S DEPARTMENT, APPELLEE, v. FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, APPELLANT.

[Cite as Franklin Cty. Sheriff's Dept. *v.* Fraternal Order of Police, Capital City Lodge No. 9 (1991), 59 Ohio St. 3d 173.]

(No. 90-499—Submitted January 16, 1991—Decided May 15, 1991.)

*Downes & Hurst* and *Jonathan J. Downes,* for appellee.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Grant D. Shoub,* for appellant.

SWEENEY, J. The determinative issue in this appeal is whether a common pleas court has jurisdiction to render a declaratory judgment with regard to matters brought before SERB in the context of an unfair labor practice charge. For the reasons that follow, we answer such inquiry in the negative, thereby reversing the decision of the court of appeals below.

In *State, ex rel. Dayton Fraternal Order of Police Lodge No. 44,* v. *State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 22 OBR 1, 488 N.E. 2d 181, this court noted:

"With the enactment of the Public Employees Collective Bargaining Act, Ohio adopted a comprehensive law to govern labor relations between public employees and their employers. * * *

"* * *

"The new Act is a positive step forward. It sets forth firmly defined legal guidelines that minimize the possibility of public-sector labor disputes and provides for the orderly resolution of any

disputes that occur. This law brings stability and clarity to an area where there had been none and will facilitate the determination of the rights and obligations of government employees and employers * * *." *Id.* at 4-5, 22 OBR at 3-4, 488 N.E. 2d at 184-185.

This court held in *Franklin Cty. Law Enforcement Assn.* v. *Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St. 3d 167, 572 N.E. 2d 87, decided this day, at paragraph one of the syllabus:

"The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117."

Thus, with respect to the cause *sub judice,* we note that R.C. 4117.10(A) provides in relevant part:

"* * * Except for sections 306.08, 306.12, 306.35, and 4981.22 of the Revised Code and arrangements entered into thereunder, and section 4981.21 of the Revised Code as necessary to comply with section 13(c) of the 'Urban Mass Transportation Act of 1964,' 87 Stat. 295, 49 U.S.C.A. 1609(c), as amended, and arrangements entered into thereunder, *Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly. * * *"* (Emphasis added.)

R.C. 4117.09 provides in pertinent part:

"(A)  The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.

"(B)   The agreement *shall contain* a provision that:

"(1)   Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, *and disputed interpretations of agreements,* and which is valid and enforceable under its terms when entered into in accordance with this chapter. * * *" (Emphasis added.)

The collective bargaining agreements in issue set forth a framework for resolving grievances among the parties which could result in an arbitration decision by a mutually selected arbitrator.

On October 13, 1988, the FOP filed an unfair labor practice charge, in part pursuant to R.C. 4117.11(A)(6),[1] claiming that the sheriff refused to follow the grievance procedure set forth in the collective bargaining agreements. The FOP asserts that it was not until the sheriff filed his complaint in the trial court that it became aware that its requests for arbitration of grievances would not be timely processed. The sheriff's department contends that R.C. Chapter 4117 does not remove from courts of common pleas the jurisdiction to grant declaratory relief pursuant to R.C. Chapter 2721. We disagree, and find that based on the foregoing statutory provisions and case law, it is clear given the facts of this case that R.C. Chapter 2721, under which the sheriff brought his claim for declaratory relief, is in conflict with R.C. Chapter 4117. Since the aforementioned provisions of R.C. Chapter 4117 contemplate the exclusive jurisdiction of SERB over the matters specifically raised in the

---

[1] R.C. 4117.11 provides in relevant part:

"(A)   It is an unfair labor practice for a public employer, its agents, or representatives to:

"* * *

"(6)   Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances[.]"

sheriff's complaint before the court of common pleas, see *Franklin Cty. Law Enforcement Assn., supra,* the court of appeals erred in finding that SERB's authority to determine an unfair labor practice did not deprive courts of common pleas of the general declaratory judgment jurisdiction and capacity to determine arbitrability pursuant to R.C. Chapter 2721. In our view, a contrary holding would merely create inordinate delays in resolving certain collective bargaining agreement disputes such as the arbitrability of grievances, and would most certainly undermine the express will of the General Assembly which elevated R.C. Chapter 4117 over all other statutory provisions not specifically excepted within its terms.

Therefore, we hold that pursuant to R.C. 4117.10(A), a court of common pleas is without jurisdiction to render a declaratory judgment determining rights that are established or limited by R.C. 4117.11, where the State Employment Relations Board is asked to make the same determination in the context of an unfair labor practice charge.

Accordingly, the judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.

MOYER, C.J., dissents without opinion.

HOLMES, J., dissents.

HOLMES, J., dissenting. After reviewing the facts in the case *sub judice,* I conclude that a court of common pleas has jurisdiction to render a declaratory judgment with regard to matters brought before the State Employment Relations Board ("SERB") in the context of an unfair labor practice charge. Accordingly, I dissent from today's majority opinion.

In its opinion, the majority construes appellee's complaint to conflict with the provisions found within R.C. Chapter 4117. After so construing the complaint, the majority concludes that the provisions of R.C. Chapter 4117 were intended to confer SERB with exclusive jurisdiction and therefore a court of common pleas lacked jurisdiction to enter a declaratory judgment. Such conclusion, however, is incorrect for it misconstrues the nature of appellee's action.

The appellee in this case was not seeking a determination as to whether an unfair labor practice had been committed. The issue raised by the appellee was the arbitrability of the defendant's grievances. Since this issue does not call for a judicial determination of the merits of the grievances filed against the employer, but rather a threshold determination of whether the grievances are subject to arbitration under the collective bargaining agreement, I believe that the common pleas court has jurisdiction to render a declaratory judgment on such claim.

In addition, the majority warns that "inordinate delays" in the resolution of collective bargaining disputes will result from declaratory judgments in cases involving R.C. Chapter 4117. Had the majority properly analyzed the practical implications of its decision, however, it would have concluded that the denial of declaratory judgments in such cases results in the very evil it warns against.

As a result of today's majority opinion, an employer who may not be subject to SERB review on the merits of the grievances filed against it would

be required to await a SERB determination before it could appeal. Consequently, if no probable cause is found, the employer must repeatedly be subjected to SERB investigations on grievances where it might not otherwise have had to comply if its rights were properly determined in a declaratory judgment action in common pleas court. Such result would unnecessarily waste the resources of both SERB and our judicial system. See *Ohio Historical Society* v. *State Emp.* *Relations Bd.* (1990), 48 Ohio St. 3d 45, 48, 549 N.E.2d 157, 160 (Holmes, J., dissenting); *Franklin Cty. Law Enforcement Assn.* v. *Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St. 3d 167, 172, 572 N.E.2d 87, 92-93 (Holmes, J., dissenting).

Since I believe that the decision handed down by today's majority improperly deprives the appellee of its declaratory judgment action and results in judicial inefficiency, I dissent.