**FRANKLIN COUNTY SHERIFF'S DEPARTMENT, Appellee,**

v.

**FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, Appellant.**

[Cite as *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 64 Ohio App.3d 684.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–194.

Decided Sept. 19, 1991.

*Downes & Associates, Rufus B. Hurst* and *Marc A. Fishel,* for appellee.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Grant D. Shoub,* for appellant.

STRAUSBAUGH, Judge.

This is an appeal by defendant, Fraternal Order of Police, Capital City Lodge No. 9, from a judgment of the Franklin County Court of Common Pleas granting the relief requested by plaintiff, Franklin County Sheriff's Department, in its complaint for declaratory judgment. The trial court concluded that plaintiff had demonstrated a good-faith doubt as to the continuing majority status of defendant to be the exclusive bargaining representative for plaintiff. The trial court then ordered plaintiff to remain neutral and refrain from negotiations with defendant until the State Employment Relations Board ("SERB") either sanctioned or rejected a petition for representation election filed by a rival employee organization, Franklin County Law Enforcement Association ("FCLEA"), challenging defendant's status as the exclusive bargaining representative of plaintiff.

At the outset, we note that it is not disputed between the parties that at all times relative to the present action, defendant was and continues to be the exclusive bargaining representative of plaintiff. On November 15, 1987,

plaintiff and defendant entered into two collective bargaining agreements. One agreement covers nonsupervisory personnel below the rank of corporal, while the other agreement covers supervisory personnel in the ranks of corporal, sergeant and lieutenant. Both agreements had expiration dates of November 11, 1990. In January 1988, FCLEA filed a petition for representation election with SERB. FCLEA sought to have defendant decertified as plaintiff's exclusive representative union for both types of personnel covered by the two prior agreements.

Both prior to and subsequent to the filing of the FCLEA petition, defendant filed five complaints against plaintiff alleging the commission of certain unfair labor practices in violation of R.C. 4117.11. Apparently, two of those charges stemmed from plaintiff's refusal to sign a collective bargaining agreement and the other three alleged that plaintiff had provided unlawful support to FCLEA. In August 1988, SERB concluded that there existed probable cause to believe that certain unfair labor practices had indeed been committed and issued charges which as of the trial court's decision had not yet been decided by SERB. In August 1989, plaintiff and defendant settled two of the five unfair labor practices charges which had been filed against plaintiff. This settlement agreement provided that defendant would continue to be recognized as the exclusive representative of plaintiff's employees until and unless another employee organization is certified as exclusive representative by SERB. The agreement further stated that the parties agreed to negotiate with each other as to successor collective bargaining agreements.

In June 1990, SERB conducted a hearing on the unfair labor practices charges remaining pending before it and, again, no decision has been rendered by SERB as to those charges. Thus, the petition for representative election filed in January 1988 still remains pending.

On September 7, 1990, defendant filed notices to negotiate a successor collective bargaining agreement with SERB. Plaintiff filed a motion with SERB to stay the negotiations, which was denied, and SERB then proceeded to appoint a factfinder for the parties. On October 18, 1990, plaintiff initiated the present case by filing a complaint for declaratory judgment, requesting that the trial court declare that plaintiff could not engage in negotiations with defendant until the representation issues had been resolved by SERB. On January 3, 1991, the trial court issued its decision finding that plaintiff should remain neutral and refrain from negotiations with defendant until the issue as to the petition for representation election had been determined by SERB. On January 28, 1991, the trial court issued a judgment entry reflecting its decision from which defendant now appeals.

On appeal, defendant has set forth two assignments of error for this court's review:

"I.    The common pleas court erred in failing to dismiss this action since the State Employment Relations Board had exclusive jurisdiction, and had exercised its jurisdiction by denying the appellee Franklin County Sheriff's Department the same relief it sought herein.

"II.    Even if the common pleas court had jurisdiction, it erred in granting appellee declaratory relief.    The appellee's lack of a good faith doubt of appellant Fraternal Order of Police's majority status was conclusively admitted by the appellee in an August 15, 1989 settlement agreement between the parties.    The appellee presented no objective factors as to the appellant's loss of majority status subsequent to such admission to warrant abrogation of the appellee's promise in the settlement agreement to engage in collective bargaining negotiations with the appellant for successor contracts.    The objective factors in the record support a finding of appellant's continued majority status."

In its first assignment of error, defendant argues that the trial court improperly assumed jurisdiction over plaintiff's complaint seeking declaratory relief.    Instead, defendant insists that SERB has exclusive jurisdiction to determine matters concerning collective bargaining rights under R.C. Chapter 4117.    In support of its argument that the trial court lacked jurisdiction over plaintiff's complaint, defendant directs this court's attention to two recent Ohio Supreme Court cases decided subsequent to the trial court's decision in the present case.

In *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, the Supreme Court held that SERB has exclusive jurisdiction to decide matters which are committed to it pursuant to R.C. Chapter 4117 and that if a party asserts a claim that arises from or depends upon the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive, thereby precluding the exercise of jurisdiction in a declaratory judgment action in common pleas court.    The Supreme Court rejected this court's reliance upon Civ.R. 57 and a line of cases recognizing that declaratory judgment is an alternative or additional remedy.    See *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 307, 75 O.O.2d 358, 362, 348 N.E.2d 342, 346–347 (collecting cases).    Instead, the Supreme Court relied upon *Zanesville v. Fannan* (1895), 53 Ohio St. 605, 42 N.E. 703, paragraph two of the syllabus, as well as *Fletcher v. Coney Island, Inc.* (1956), 165 Ohio St. 150, 59 O.O. 212, 134 N.E.2d 371, in which the court held:

" * * * Where the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy." *Id.*, 165 Ohio St. at 154, 59 O.O. at 214, 134 N.E.2d at 374.

The Supreme Court cited *Franklin Cty. Law Enforcement Assn., supra,* in support of its decision announced the same day in *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 572 N.E.2d 93, in which it held that the common pleas court lacked jurisdiction to render a declaratory judgment as to those rights that are established or limited by R.C. 4117.11 when SERB has been asked to make the same determination as that sought in the context of an unfair labor practice charge. The Supreme Court relied upon R.C. 4117.10(A), which provides in pertinent part:

" * * * Except for sections 306.08, 306.12, 306.35, and 4981.22 of the Revised Code and arrangements entered into thereunder, and section 4981.21 of the Revised Code as necessary to comply with section 13(c) of the 'Urban Mass Transportation Act of 1964,' 87 Stat. 295, 49 U.S.C. 1609(c), as amended, and arrangements entered into thereunder, Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly. * * * "

As set forth in R.C. 4117.10(A), R.C. Chapter 4117 prevails over any and all other conflicting laws thereby indicating the General Assembly's intent that disputes involving public employee collective bargaining are to be resolved under one statutory scheme and primarily before one administrative agency, that being SERB.

Upon review of plaintiff's complaint in the present case, it appears that plaintiff's request for declaratory judgment requires a determination as to the legality of the bargaining obligation of plaintiff, if any, towards defendant in the context of the negotiation and dispute resolution procedure of R.C. 4117.14, which governs the settlement of disputes between an exclusive bargaining representative and a public employer concerning the negotiation of successor agreements. R.C. 4117.14(A). As defendant correctly points out, R.C. 4117.14 provides the framework within which the parties in the present case should settle the dispute regarding the negotiations of subsequent agreements.

In response to defendant's argument that the trial court lacked jurisdiction in the present case, plaintiff directs this court's attention to the following pronouncement by the Supreme Court in *Franklin Cty. Law Enforcement Assn., supra,* in which the court concluded:

"Accordingly, we hold that plaintiffs' complaint asserted matters falling wholly within the exclusive purview of R.C. Chapter 4117. In the absence of any claimed authority under that chapter for the filing of a private complaint in common pleas court, the trial court properly dismissed plaintiffs' complaint for lack of jurisdiction. * * * " *Id.*, 59 Ohio St.3d at 172, 572 N.E.2d at 92.

It is this language that plaintiff relies upon when it argues that the Supreme Court in interpreting R.C. Chapter 4117 has not foreclosed all private complaints in common pleas court but rather has limited the filing of such complaints to those cases where remedies exist other than those within R.C. Chapter 4117 and where this chapter authorizes such a private cause of action. In line with this reasoning, defendant directs this court's attention to R.C. 4117.09(B)(1), arguing that this statute provides plaintiff such a private cause of action. R.C. 4117.09(B) provides in pertinent part:

"The agreement shall contain a provision that:

"(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."

Plaintiff argues that the latter sentence of R.C. 4117.09(B)(1) provides the trial court with jurisdiction to entertain private suits concerning the collective bargaining relationship between public employers and employee organizations.

Upon review of plaintiff's arguments, this court cannot agree. R.C. 4117.-09(B)(1) states that the party to an agreement may bring a suit in a common pleas court for a violation of an agreement or for the enforcement of an award by an arbitrator. It is clear that the intent of the General Assembly in establishing this limited jurisdiction within the common pleas court is limited to those instances where it is claimed that there has been a violation of a collective bargaining agreement or for the enforcement of an arbitrator's award. Plaintiff's complaint alleges neither of these grounds as the basis for seeking declaratory judgment but instead plaintiff sought to be relieved from its obligation to engage in successor negotiations with defendant. We believe that given the framework set forth in R.C. Chapter 4117, as well as the Supreme Court's recent decisions in *Franklin Cty. Law Enforcement Assn.*, *supra*, and *Franklin Cty. Sheriff's Dept.*, *supra*, the trial court was without jurisdiction to consider plaintiff's claim in the present case. Accordingly, defendant's first assignment of error is well taken and is sustained.

In its second assignment of error, defendant argues in the alternative that should this court determine that the trial court had jurisdiction to proceed, the August 1989 settlement agreement precluded the declaratory relief sought by plaintiff. However, given this court's holding with regard to defendant's first assignment of error, we find that it is inappropriate to consider those arguments raised in defendant's second assignment of error. Accordingly, defendant's second assignment of error is not well taken and is overruled.

Based upon the foregoing, defendant's first assignment of error is well taken and is sustained. Defendant's second assignment of error is not well taken and is overruled. The judgment of the trial court is hereby reversed and this cause is remanded.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., concurs.

TYACK, J., concurs separately.

TYACK, Judge, concurring separately.

I concur in the opinion of my learned colleagues but write separately to emphasize two points. First, this court is expressing no opinion as to which union the employees of the Franklin County Sheriff's Department will choose when SERB finally gets around to conducting an election. Second, this court is not in any way sanctioning the three-and-one-half-year delay between the petition for a representation election filed by the FCLEA and today's date, with no election having been held or apparently scheduled. Such delays threaten chaos to the whole statutory scheme enacted to install order in the arena of the organizing of public employees. Such delays allow a party who likes the status quo (be it an employer, a rival union, or other interested party) to thwart the will of the employees in organizing and choosing their representative. Hopefully the Supreme Court of Ohio will not be reticent to encourage SERB to act promptly in holding representation elections in the future.