**FRANKLIN COUNTY SHERIFF'S DEPARTMENT, Appellant,**

v.

**FRATERNAL ORDER OF POLICE, Capital City Lodge No. 9 et al., Appellees.**

[Cite as *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1992), 78 Ohio App.3d 158.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–914.

Decided Jan. 28, 1992.

*Downes & Hurst* and *Marc A. Fishel,* for appellant.

*Lee Fisher,* Attorney General, and *Vincent Lombardo,* Assistant Attorney General, for appellee State Employment Relations Board.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Michael J. Hunter,* for appellee Fraternal Order of Police.

McCormac, Judge.

On October 13, 1988, appellee, Fraternal Order of Police, Capital City Lodge No. 9 ("FOP"), filed an unfair labor practice charge with appellee, State Employment Relations Board ("SERB"), alleging that appellant, Franklin County Sheriff's Department ("department"), had violated R.C. 4117.11(A)(1), (A)(3), (A)(5), and (A)(6). SERB determined that the department had established a practice of repeated failures to timely process requests for grievances in violation of R.C. 4117.11(A)(1) and (A)(6), and ordered the sheriff to immediately commence arbitration of disputed grievances. The department appealed SERB's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court concluded that SERB's order was supported by reliable, probative and substantial evidence and was in accordance with law and affirmed the agency's order.

The sheriff appeals and raises the following assignment of error:

"The decision of the State Employment Relations Board is not supported by reliable, probative and substantial evidence and is inconsistent with law.

"A. The present unfair labor practice was not timely filed. Therefore, SERB lacked jurisdiction to review this case.

"B. The State Employment Relations Board incorrectly determined that the present grievances were subject to arbitration."

The department and the FOP are parties to two collective bargaining agreements. One covers rank and file deputies, and the other covers supervisory personnel. Each agreement provides specific grievance procedures, including provisions for final and binding arbitration.

This case centers on seven grievances filed by the FOP between December 2, 1987 and July 12, 1988. The department denied all seven grievances and the FOP requested arbitration of each, submitting its demands for arbitration

between January 11, 1988 and September 2, 1988. On July 5, 1988, the department sent four letters responding to the FOP's request to arbitrate the first four grievances submitted. The parties dispute whether these letters unambiguously informed the FOP that the department would not arbitrate the grievances. The department never responded to the last three demands for arbitration but, instead, instituted a declaratory judgment action seeking a judicial determination of the arbitrability of all seven grievances.

The department's action was filed on September 12, 1988 and ultimately culminated in the Supreme Court's decision of May 15, 1991, holding that the court of common pleas lacked jurisdiction over the matter. *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 572 N.E.2d 93. The FOP filed an unfair labor practice charge with SERB on October 12, 1988.

The department advances two arguments under its single assignment of error. Its primary contention is that the FOP's action was not timely filed since the SERB filing occurred more than ninety days after the first four requests for arbitration were denied.

■ R.C. 4117.12 requires that any unfair labor practice charge must be filed with SERB within ninety days of its occurrence. In interpreting this provision, SERB has set forth a twofold standard to be applied when determining when the ninety-day period commences. The ninety-day period begins to run when the charging party acquires knowledge of, and suffers actual damage from, the allegedly unfair labor practice. *In re Barberton* (July 5, 1988), SERB No. 88–008. Generally, courts should afford administrative agencies some level of deference in interpreting one of its own statutes. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264.

The department contends that its July 5, 1988 letter unambiguously conveyed the department's intention not to arbitrate any of the FOP's grievances. Therefore, the department argues that the first four demands for arbitration, numbers 87–21, S–1–88, S–2–88, and S–4–88, are time barred because FOP's filing with SERB occurred more than ninety days after the FOP had knowledge of the department's intention not to arbitrate any of the complaints. The FOP's position is that it did not receive actual knowledge until the department filed its declaratory judgment action on September 12, 1988 and, therefore, all seven claims are properly before SERB. The FOP argues that the July 5 letter was so ambiguous that it could not be interpreted as a rejection of its arbitration demand.

■ Regardless of which date is used, it is our conclusion that none of the seven demands is time barred because of the nature of the charge itself. The FOP based its SERB action, in part, on R.C. 4117.11(A)(6), which provides:

"Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances[.]"

SERB found a violation of R.C. 4117.11(A)(6), as well as (A)(1). In affirming the SERB decision, the court of common pleas found that a pattern or practice of refusing arbitration was conclusively established by the sheriff's department when it filed its declaratory judgment action.

■ The unfair labor practice charge under (A)(6) was, of necessity, not founded on any one specific act but, rather, consisted of a course of conduct which, when taken as a whole, established a pattern or practice. Even though the department had apparently rejected earlier individual arbitration demands, it was not until the declaratory judgment action was filed that the department evidenced its intent to judicially challenge the arbitrability of all of the demands. By its very nature, R.C. 4117.11(A)(6) requires a reviewing body to analyze events over a protracted period of time. The offense is one of pattern or practice, which denotes a continuing course of conduct, and not just a specific individual transgression. Therefore, the event which triggers the ninety-day period must be viewed with more elasticity than might otherwise be the case, as the filing date commences running for (A)(6), not when a single act has taken place but when a pattern is established.

■ Similarly, when there is a timely filing after that triggering event has occurred, and part of the actions that establish the pattern or practice are within the ninety-day period, as were three of the requests and refusals, SERB may consider other requests and refusals not filed within the ninety-day period but reasonably within the time for establishing proof of a pattern. The first four grievances fall within this category. Otherwise, if refusals are separated by sufficient time, it is doubtful that a pattern or practice could ever be established. One or two refusals would ordinarily not be sufficient to establish a pattern or practice.

The department unambiguously expressed its intention not to arbitrate by the filing of its declaratory judgment action on September 12. The FOP filed its action with SERB thirty-one days later. The trial court did not abuse its discretion in concluding that none of the seven grievances was barred by the ninety-day statute of limitations, given the collective aspect of the grievances.

The department next argues that SERB's decision as to the arbitrability of the grievances was not supported by reliable, probative and substantial evidence, nor was it in accordance with law. The department contends that

there is nothing in the agency's decision evidencing the applicability of the collective bargaining agreement to the claimed grievances. We are not persuaded by the department's argument.

█ An appellate court's review of an agency's order is limited to a determination of whether the court of common pleas abused its discretion in arriving at its decision. *Lorain City Bd. of Edn., supra.* Abuse of discretion implies more than error but a decision which is totally unsupported, one which is clearly wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

█ Each agreement at issue defines "grievance" as:

" * * * A grievance shall be defined as any dispute or disagreement among the parties which arises out of the interpretation or application of a provision or provisions of this Agreement."

SERB applied this definition to the facts presented by each individual grievance. SERB then went on to analyze each grievance in light of the terms of the agreement pertinent to the individual grievance and the general principles of law involved. The hearing officer made an extensive review that was adopted by the board and affirmed by the court of common pleas.

Our review fails to convince us that the trial court was clearly wrong in its affirmance. The SERB order was supported by reliable, probative and substantial evidence and was in accordance with law.

Appellant's assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and TYACK, JJ., concur.