**OHIO PATROLMEN'S BENEVOLENT ASSOCIATION, Appellant,**

v.

**The METROHEALTH SYSTEM, Appellee.**

[Cite as *Ohio Patrolmen's Benevolent Assn. v. MetroHealth Sys.* (1993), 87 Ohio App.3d 16.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62016.

Decided April 5, 1993.

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Jack L. Petronelli* and *S. Randall Weltman,* for appellant.

*Craig M. Brown* and *Charles A. Linn,* for appellee.

---

NAHRA, Presiding Judge.

The Ohio Patrolmen's Benevolent Association ("OPBA") brought a declaratory judgment action against the MetroHealth System seeking a court order that MetroHealth arbitrate grievances OPBA filed on behalf of two discharged employees. The complaint alleged that the employees were discharged in violation of the terms of a collective bargaining agreement and that, under the agreement, the employees were entitled to arbitration. OPBA claimed Metro-Health refused to arbitrate the grievances on the ground that the employees were discharged prior to the effective date of the agreement. MetroHealth filed a motion to dismiss the OPBA complaint arguing the allegations constituted charges of an unfair labor practice and, thus, the State Employment Relations Board ("SERB") had exclusive subject matter jurisdiction to decide the matter. The trial court granted the motion and dismissed with prejudice the OPBA complaint.

The OPBA timely appeals the court's ruling. For the reasons set forth below, we reverse.

## I

The appellant's first assignment of error states:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion to dismiss for lack of subject matter jurisdiction."

The OPBA asserts that its complaint does not allege an unfair labor practice and, thus, the trial court has jurisdiction to decide the dispute pursuant to R.C. 4117.09. This statute permits a party to file an action in common pleas court for violations of a collective bargaining agreement.

It is well established that SERB has "exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. R.C. 4117.12 empowers SERB to investigate and adjudicate charges of unfair labor practices committed by public employers. *Gunn v. Euclid City School Dist. Bd. of Edn.* (1988), 51 Ohio App.3d 41, 554 N.E.2d 130. This court has held that "'conduct which actually or arguably constitutes an unfair labor practice under R.C. 4117 is

subject to the exclusive jurisdiction of SERB.'" *Id.* at 43, 554 N.E.2d at 133, quoting *Turnik v. Cleveland* (May 22, 1986), Cuyahoga App. No. 50390, unreported, at 4, 1986 WL 5947.

MetroHealth initially argues that the threshold issue is whether there exists a valid and enforceable collective bargaining agreement pursuant to R.C. 4117.09 and that SERB has exclusive jurisdiction to decide that issue. R.C. 4117.09 provides that a collective bargaining agreement shall be reduced to writing and delineates the provisions, such as a grievance procedure, the agreement must contain. MetroHealth does not point to any specific provision in its agreement with the OPBA which is defective, lacking or otherwise not in compliance with R.C. 4117.09 and, thus, the argument is unpersuasive. We note that the OPBA complaint states MetroHealth refused to arbitrate the grievances on the ground that the employees were discharged before the effective date of the collective bargaining agreement. MetroHealth did not raise this issue in its motion to dismiss or on appeal and, thus, appears to have abandoned this argument.

In support of its position that the OPBA complaint charges an unfair labor practice, MetroHealth cites R.C. 4117.11(A)(6). This statute provides:

"It is unfair labor practice for a public employer, its agents, or representatives to:

" * * *

"(6) Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances[.]"

Thus, the issue before us is whether the OPBA allegation that MetroHealth failed to arbitrate the two grievances arguably falls within the purview of R.C. 4117.11(A)(6). See *Gunn, supra,* 51 Ohio App.3d at 43, 554 N.E.2d at 133.

MetroHealth argues that the Supreme Court's decision in *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 572 N.E.2d 93, is controlling. In that case, the *Fraternal Order of Police ("FOP")* submitted seven grievances to the sheriff between December 1987 and July 1988 concerning employee promotions. The sheriff filed a declaratory judgment action alleging that the seven grievances fell outside the scope of the collective bargaining agreement. The FOP subsequently filed an unfair labor practice charge with SERB based upon the sheriff's failure to process the grievances. The FOP also filed a motion to dismiss in common pleas court on the ground that exclusive jurisdiction rested with SERB. The trial court dismissed the action. The court of appeals reversed and held that SERB's authority to

determine an unfair labor practice does not deprive the common pleas court of jurisdiction to determine the arbitrability of the grievances.

The Supreme Court reversed the appellate court's decision. The Supreme Court cited R.C. 4117.11(A)(6) and stated:

"Since the aforementioned provisions of R.C. Chapter 4117 contemplate the exclusive jurisdiction of SERB over the matters specifically raised in the sheriff's complaint before the court of common pleas, see *Franklin Cty. Law Enforcement Assn., supra,* the court of appeals erred in finding that SERB's authority to determine an unfair labor practice did not deprive courts of common pleas of the general declaratory judgment jurisdiction and capacity to determine arbitrability pursuant to R.C. Chapter 2721. In our view, a contrary holding would merely create inordinate delays in resolving certain collective bargaining agreement disputes such as the arbitrability of grievances, and would most certainly undermine the express will of the General Assembly which elevated R.C. Chapter 4117 over all other statutory provisions not specifically excepted within its terms.

"Therefore, we hold that pursuant to R.C. 4117.10(A), a court of common pleas is without jurisdiction to render a declaratory judgment determining rights that are established or limited by R.C. 4117.11, where the State Employment Relations Board is asked to make the same determination in the context of an unfair labor practice charge." *Id.,* 59 Ohio St.3d at 175–176, 572 N.E.2d at 95–96.

Contrary to MetroHealth's argument, the Supreme Court's decision in *Franklin Cty. Sheriff's Dept.* does not address what constitutes a "pattern or practice of repeated failures to timely process grievances and requests for arbitration." In that case, the sheriff failed to process seven grievances filed over an eight-month period. In the case now before us, the OPBA complaint claims MetroHealth simultaneously refused to arbitrate two grievances filed on behalf of two employees who were discharged on the same day.

In *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1992), 78 Ohio App.3d 158, 604 N.E.2d 189, the court of appeals discussed the language of R.C. 4117.11(A)(6). In that case, the appellate court was asked to determine whether the FOP's unfair labor charge was filed within ninety days of its occurrence as required by R.C. 4117.12. The charge was based upon the same seven grievances involved in *Franklin Cty. Sheriff's Dept.,* 59 Ohio St.3d 173, 572 N.E.2d 93. The court stated:

"The unfair labor practice charge under [R.C. 4117.11](A)(6) was, of necessity, not founded on any one specific act but, rather, consisted of a course of conduct which, when taken as a whole, established a pattern or practice. Even though the department had apparently rejected earlier individual arbitration demands, it was not until the declaratory judgment action was filed that the department evidenced its intent to judicially challenge the arbitrability of all of the demands.

By its very nature, R.C. 4117.11(A)(6) requires a reviewing body to analyze events over a protracted period of time. The offense is one of pattern or practice, which denotes a continuing course of conduct, and not just a specific individual transgression." 78 Ohio App.3d at 162, 604 N.E.2d at 192.

Although the court was addressing the meaning of R.C. 4117.11(A)(6) only for purposes of the ninety-day filing deadline, it provides us with some guidance on the issue before us.

The language of R.C. 4117.11(A)(6) reflects an intent on the part of the legislature to give SERB the power to investigate and adjudicate repeated refusals to arbitrate. As the Franklin County Court of Appeals noted, the statute contemplates a course of conduct not one specific act. We find that the OPBA complaint alleges one isolated act. MetroHealth discharged the two employees on the same day, prompting the union to simultaneously file two grievances. MetroHealth's refusal to arbitrate the grievances was conveyed to OPBA in one letter claiming the employees were not covered by the collective bargaining agreement. There may be some situations where the refusal to arbitrate two grievances arguably constitutes a "pattern or practice of repeated failures" to arbitrate but in this case we find the allegations in the complaint involve one act by MetroHealth.

We note MetroHealth argues that SERB has considered one refusal to arbitrate as a violation of R.C. 4117.11(A)(6) and the employer cites SERB opinions in support of its position. The opinions contain very few facts and provide us with little guidance, or are readily distinguishable.

Finally, as an additional argument supporting jurisdiction of the common pleas court, the OPBA asserts that since a party to a collective bargaining agreement had the right to seek enforcement of an arbitration provision through declaratory relief prior to the enactment of R.C. Chapter 4117, it has the option to pursue its claim in the trial court. The OPBA cites *Zanesville v. Fannan* (1895), 53 Ohio St. 605, 42 N.E. 703, which held:

"Where a statute creates a new right, prescribes the remedy for its violation, the remedy is exclusive; *but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option.*" (Emphasis added.) *Id.* at paragraph two of the syllabus.

The Supreme Court addressed a similar argument in *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d at 169–171, 572 N.E.2d at 89–92. The court stated:

"Before R.C. Chapter 4117 became effective, 'Ohio had no legal framework governing public-sector labor relations, and dealt with these issues on an *ad hoc*

basis.' *State, ex rel. Dayton F.O.P. Lodge No. 44, v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 5, 22 OBR 1, 4, 488 N.E.2d 181, 184. * * * The current R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Id.* at 169, 572 N.E.2d at 90.

The court concluded that if a party's complaint asserts claims that fall within the scope of R.C. Chapter 4117, the party must pursue the matter before SERB. The court rejected the argument that declaratory relief was an alternative remedy to the remedies set forth in R.C. Chapter 4117. However, as we previously found, the OPBA allegations fell outside the scope of R.C. Chapter 4117 and, thus, it has the right to pursue its claim in common pleas court.

Accordingly, this assignment of error is sustained.

## II

■ The appellant's second assignment of error states:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion to dismiss with prejudice."

The record demonstrates the trial court dismissed with prejudice the OPBA complaint for lack of subject matter jurisdiction. Civ.R. 41(B) governs involuntary dismissals and provides:

"(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

Thus, a Civ.R. 41(B)(4) dismissal is without prejudice. *Jurko v. Jobs Europe Agency* (1975), 43 Ohio App.2d 79, 88, 72 O.O.2d 287, 292, 334 N.E.2d 478, 484. See, also, Klein, Browne & Murtaugh, Ohio Civil Practice (1991) 325–326, Section 25.03.

If the trial court had properly dismissed the case for lack of subject matter jurisdiction, it would have been error to order the dismissal with prejudice. However, as we previously held, the court improperly dismissed the complaint and, thus, the court's order must be reversed in its entirety.

Accordingly, this assignment of error is sustained.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

BLACKMON and NUGENT, JJ., concur.