MOORE, Appellant,

v.

YOUNGSTOWN STATE UNIVERSITY, Appellee.

[Cite as *Moore v. Youngstown State Univ.* (1989), 63 Ohio App.3d 238.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–262.

Decided Aug. 8, 1989.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Randall Vehar*, for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Jordan Finegold*, for appellee.

STRAUSBAUGH, Judge.

This is an appeal by plaintiff from a judgment rendered by the Ohio Court of Claims in favor of defendant dismissing plaintiff's complaint for lack of subject-matter jurisdiction. Plaintiff's complaint sought declaratory relief, preliminary and permanent injunctive relief, and compensatory damages with respect to an alleged breach by defendant of a collective bargaining agreement under which plaintiff was covered.

Plaintiff, Herbert Moore, was employed as a designer in the office of the executive director of facilities of defendant Youngstown State University ("YSU"), a duly established and chartered institution of higher learning which operates as a state agency. Defendant Youngstown State University Board of Trustees ("board") is statutorily charged with the administration and management of YSU.

Pursuant to the terms of a collective bargaining agreement between YSU and the Youngstown State University Association of Professional/Administrative Staff ("association"), which is the duly authorized bargaining unit of which plaintiff is a member, YSU is required to reevaluate salary ranges assigned to specific positions within the bargaining unit whenever the duties of a particular position change, are modified, or are increased. Plaintiff alleges in his complaint that although he is designated a "designer," he performs not only the duties of that position but also the duties of another position within the bargaining unit designated as "manager, technical services." While the salary range of a designer is designated as salary range 20, a

manager is paid in accordance with salary range 22. Plaintiff alleges that defendant is contractually bound to reevaluate his job duties and to reassign him to salary range 22 consistent with the duties of a manager. Plaintiff further alleges that defendant's continued refusal to reevaluate his job duties and to reassign him to the manager's salary range is arbitrary, capricious and unreasonable, and in contravention of Articles 4 and 11 and Appendix D of the collective bargaining agreement between YSU and the association.

As a result of these allegations, plaintiff initiated the instant suit December 27, 1988 in the Court of Claims seeking declaratory, injunctive and legal relief for the alleged violations of the collective bargaining agreement. Subsequent to the January 4, 1989 filing of plaintiff's amended complaint, defendant moved the court, pursuant to Civ.R. 12(B), to dismiss plaintiff's complaint for the reason that the claims court lacked subject-matter jurisdiction. The Court of Claims dismissed plaintiff's amended complaint on January 31, 1989 for the reason that the court lacked subject-matter jurisdiction to address the merits of plaintiff's claims.

■ Plaintiff now appeals and sets forth the following single assignment of error:

"The Court of Claims erred in finding that it did not have subject-matter jurisdiction to address the merits of the first amended complaint."

This case presents a question of first impression regarding the jurisdiction of the Court of Claims to entertain suits for alleged violations of collective bargaining agreements entered into by state agencies pursuant to R.C. Chapter 4117. It is important to note that this case concerns *solely* the subject-matter jurisdiction of the claims court over such suits, and does not present any issue as to the merits of plaintiff's complaint.

Under his assignment of error, plaintiff initially contends that the trial court's reliance on Section 8.7 of the collective bargaining agreement as the premise for the dismissal of plaintiff's action for lack of subject-matter jurisdiction misconstrues the purpose of that section. Specifically, plaintiff argues that Section 8.7 prohibits only arbitration of salary range assignments, but does not prohibit judicial review of an erroneous decision not to reassign a salary range pursuant to the terms of a collective bargaining agreement. It is plaintiff's position that his right to seek judicial review of disputed contractual provisions is a constitutional and statutory right which transcends any agreement which does not specifically bar such review. Plaintiff maintains that a collective bargaining agreement, like any contract, may be enforced in any court which otherwise has subject-matter jurisdiction over the suit. Finally, plaintiff argues that R.C. 4117.10(A), upon which YSU relies, does not restrict his access to the claims court regarding the alleged breach of contract

in this case. Absent such relief, plaintiff contends he would be without any remedy for the alleged breach of contract since he is an unclassified state employee who has no recourse to the State Personnel Board of Review.

In a supplemental brief, plaintiff also argues that R.C. 4117.09(B)(1) does not bar the Court of Claims from hearing his claim. Rather, plaintiff argues that because he could not have maintained a breach of contract action against YSU prior to the enactment of R.C. 2743.02, the Court of Claims has jurisdiction over the instant action. Plaintiff concedes that R.C. 4117.09(B)(1) appears to vest jurisdiction over such claims in the common pleas courts, but argues that this latter provision creates concurrent jurisdiction in both the common pleas courts and the Court of Claims.

R.C. 4117.09(B)(1) provides:

"(B) The agreement shall contain a provision that:

"(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with Chapter 4117. of the Revised Code. No publication thereof is required to make it effective. *A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business.*" (Emphasis added.)

R.C. 2743.02 and 2743.03 define the jurisdiction of the Court of Claims. R.C. 2743.02 states:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

R.C. 2743.03 provides in part:

"(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *."

Whatever merit plaintiff's argument may have otherwise as to the jurisdiction of the claims court over actions against YSU for breach of contract, that argument has no merit in this case. R.C. 4117.09(B)(1) specifies that suits for

violations of a collective bargaining agreement are to be brought in the common pleas courts of this state.

While plaintiff argues that R.C. 4117.09 does not preclude the filing of his action in the Court of Claims because that statute uses the discretionary "may" as opposed to the mandatory "shall," such interpretation misapprehends the meaning of the statutory language. A party to the agreement may bring suits for an alleged contract breach, but is not required to bring such suits. However, R.C. 4117.09(B)(1) specifies that if such suits are maintained, the common pleas court is the appropriate forum. Cf. R.C. 4117.13.

Although plaintiff also argues that R.C. 4117.09(B)(1) is similar to the provisions of Section 160(f), Title 29, U.S.Code, which governs the jurisdiction of federal appellate courts over appeals from decisions of the National Labor Relations Board, we find plaintiff's reliance on that section of the National Labor Relations Act misplaced. Section 160(f), Title 29, U.S.Code is more akin to R.C. 4117.13 concerning appeals from the State Employment Relations Board, a factor not present in this case. Here, plaintiff seeks to adjudicate an alleged violation by YSU of the agreement itself. The provision in R.C. 4117.09(B)(1) concerning the jurisdiction of common pleas courts over such suits is most like Section 301(a) of the Labor Management Relations Act. Section 185(a), Title 29, U.S.Code. That section places jurisdiction in the federal district courts.

Likewise, plaintiff's invocation of R.C. 1.51, governing the interpretation of conflicting statutes, misapprehends the purpose of R.C. 2743.02(A)(1). Contrary to plaintiff's contentions, R.C. 2743.02(A)(1) and 4117.09(B)(1) are not in conflict. While R.C. 2743.02(A)(1) vests exclusive subject-matter jurisdiction over suits previously barred by sovereign immunity, R.C. 4117.09(B)(1) expressly allows for suits alleging violations of collective bargaining agreements to be brought in common pleas courts. Since R.C. Chapter 4117 creates and defines the rights of public employees with respect to collective bargaining, the provision in R.C. 4117.09 for the maintenance of the instant suit vests jurisdiction over such actions in the courts of common pleas alone. The waiver of sovereign immunity contained in R.C. 2743.02 in no way creates a right of action against the state for alleged violations of collective bargaining agreements. Conversely, R.C. 4117.09(B)(1) specifically creates such right and limits the jurisdiction over this suit to the common pleas courts.

Plaintiff's sole assignment of error is overruled. The judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

Bowman and Young, JJ., concur.