[Cite as *Holt v. Ohio Dept. of Youth Servs.*, 2010-Ohio-853.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. HOLT

    Plaintiff

    v.

OHIO DEPARTMENT OF YOUTH SERVICES, et al.

    Defendants
    Case No. 2008-05664

Judge Alan C. Travis

DECISION

{¶ 1} On November 16, 2009, defendants filed a motion for summary judgment pursuant to Civ.R. 56(C). On December 7, 2009, plaintiff filed a response. On January 8, 2010, the court held an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** In 1977, plaintiff began his employment with defendant, Department of Youth Services (DYS) as a corrections officer.[1] Plaintiff was a member of a collective bargaining unit (union).

**{¶ 5}** On January 23, 2004, plaintiff was accused of using excessive force on a juvenile in defendant's custody. On January 27, 2004, plaintiff was placed on paid administrative leave after an investigation report concluded that plaintiff had used excessive force when he struck the juvenile. On February 9, 2004, plaintiff was placed on disability leave for the condition of high blood pressure. On March 2, 2004, a pre-disciplinary hearing was held regarding the excessive force complaint. On March 24, 2004, plaintiff's employment was terminated. Plaintiff subsequently filed a grievance and on October 1, 2004, an arbitration hearing was held. Plaintiff was represented by a union steward at the arbitration. On October 28, 2004, plaintiff's grievance was denied.

**{¶ 6}** In his complaint, plaintiff asserts claims of employment discrimination, intentional or negligent infliction of emotional distress, violation of 42 U.S.C. 1981, "bad faith breach of contract," "bad faith breach of employment relationship," wrongful termination in violation of public policy, and promissory estoppel.

**{¶ 7}** Defendants assert that plaintiff's employment discrimination claims are barred by the doctrine of res judicata, based upon the outcome of a case that plaintiff filed in federal court under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621, et seq. The federal court found that plaintiff had failed to present a prima facie case of age discrimination and granted defendants' motion for summary judgment. The Sixth Circuit Court of Appeals affirmed the decision of the district court.

**{¶ 8}** Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "'[O]nce [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, said determination is res judicata in a collateral action and can only be

---

[1]"Defendant" shall be used to refer to DYS throughout this decision.

attacked directly by appeal.'" *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶33, quoting *Squires v. Squires* (1983), 12 Ohio App.3d 138, 141.

{¶ 9} Defendants have attached to their motion a copy of the federal court opinion wherein Magistrate Judge Terrence P. Kemp addressed the age discrimination claim alleged by plaintiff in that case. The federal court entered summary judgment against plaintiff on that claim, finding that he failed to establish a prima facie case of age discrimination under the ADEA. *Holt v. State of Ohio, Dept. of Youth Services, et al.* (Jan. 4, 2008), S.D. Ohio No. 2:05-CV-0894. Defendants also attached to their motion a copy of the federal appeals court decision which affirmed the district court's grant of summary judgment. *Holt v. State of Ohio, Dept. of Youth Services, et al.* (March 4, 2009), C.A.6 No. 08-3181.

{¶ 10} In his response to defendants' motion, plaintiff asserts that he is not seeking relief pursuant to the ADEA in this court, rather, he is seeking relief based upon the statutes and authority under Ohio law. However, state courts apply federal case law interpreting Title 42 U.S. Code to matters involving alleged violations of R.C. 4112. *Little Forest Med. Ctr. v. Ohio Civil Rights Comm.* (1991), 61 Ohio St.3d 607, 609-610.

{¶ 11} Plaintiff further argues that the federal court either failed to address or erroneously determined all of the factual issues and legal theories arising from his allegations that his employment was wrongfully terminated while he was on disability leave. However, whether plaintiff's original action explored all possible theories of relief is not relevant. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, quoting *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69.

{¶ 12} Furthermore, the doctrine of res judicata "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'"

*Grava*, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25. Had plaintiff believed that the district court failed to address issues raised by his complaint, plaintiff should have raised those issues in his appeal.

{¶ 13} Upon review, the court finds that the facts alleged in plaintiff's complaint arise out of the occurrence that was the subject matter of the case which he filed in federal court, namely, his termination from employment. Accordingly, the court finds that the doctrine of res judicata bars plaintiff's claims in this case. Consequently, there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law.

{¶ 14} Additionally, to the extent that plaintiff now alleges that his constitutional and civil rights were violated, it is well-settled that such claims are not actionable in the Court of Claims. See *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 171; *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114. Therefore, Count II of plaintiff's complaint, wherein he asserts a violation of his civil rights pursuant to 42 U.S.C. 1981 must fail.

{¶ 15} Similarly, inasmuch as Counts III and IV of plaintiff's complaint set forth claims of breach of his union contract, the Court of Claims lacks jurisdiction over such actions. R.C. 4117.09(B)(1); *Moore v. Youngstown State University* (1989), 63 Ohio App.3d 238. Defendants are also entitled to judgment as a matter of law as to Count VI of plaintiff's complaint alleging promissory estoppel, inasmuch as plaintiff has not identified any promise made to him by his employer, apart from those contained in his union contract.

{¶ 16} Count V of plaintiff's complaint asserts claims of employment discrimination in violation of public policy. The Supreme Court of Ohio has held that a common-law tort claim for wrongful discharge in violation of Ohio's public policy does not exist where statutory remedies such as R.C. 4112 provide complete relief. *Leininger v. Pioneer National Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921; see also *Slane v. MetaMateria Partners, LLC*, 176 Ohio App.3d 459, 2008-Ohio-2426. In this case, both federal and state laws against age, race, and disability discrimination provide complete relief and therefore, plaintiff cannot state a claim for wrongful discharge. Moreover, plaintiff's employment was governed by a collective bargaining agreement.

The public policy tort is available only to at-will employees. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228.

{¶ 17} Lastly, Count I of plaintiff's complaint asserts claims for negligent and/or intentional infliction of emotional distress. Ohio law does not recognize a cause of action for negligent infliction of emotional distress in the employment setting. *Antalis v. Ohio Dept. of Commerce* (1990), 68 Ohio App.3d 650, 653. Moreover, termination of employment, even if discriminatory, in and of itself cannot rise to the level of extreme and outrageous conduct required to prove intentional infliction of emotional distress. *Godredson v. Hess & Clark* (6th Cir. 1999), 173 F.3d 365. See also *Kung v. Dept. of Insurance*, Ct. of Cl. No. 2007-02033, 2009-Ohio-5328. Plaintiff has not pleaded facts upon which the court can infer the level of conduct required to prove intentional infliction of emotional distress.

{¶ 18} Construing the evidence most strongly in plaintiff's favor, the court finds that no genuine issues of material fact exist and that defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment shall be granted and judgment shall be rendered in favor of defendants.[2]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. HOLT

    Plaintiff

    v.

---

[2]On December 1, 2009, plaintiff filed a motion to suppress the arbitrator's decision which denied plaintiff's grievance. On December 7, 2009, defendants filed a response. For the reasons stated herein, plaintiff's motion is DENIED.

OHIO DEPARTMENT OF YOUTH SERVICES, et al.

      Defendants
       Case No. 2008-05664

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

An oral hearing was conducted in this case upon defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Darryl O. Parker
786 South Front Street
Columbus, Ohio 43206

Paula Luna Paoletti
Susan M. Sullivan
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/cmd
Filed February 8, 2010
To S.C. reporter March 3, 2010