[Cite as *Akron Assn. of Classified Personnel v. Akron City School Dist. Bd. of Edn.*, 2022-Ohio-3216.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON ASSOCIATION OF CLASSIFIED
PERSONNEL, et al.

     Appellants

     v.

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION

     Appellee

C.A. No.     30098

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2021-01-0337

DECISION AND JOURNAL ENTRY

Dated: September 14, 2022

CARR, Judge.

{¶1} Plaintiffs-Appellants Akron Association of Classified Personnel, OEA/NEA ("AACP"), Rhonda Black, Nancy Fuller, Sharon Jackson, Sherry Johnson, Linda Scott, Linda Strebler, and Christine Nelson (collectively "Former Employees") appeal the judgment of the Summit County Court of Common Pleas dismissing the action for lack of subject matter jurisdiction. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} According to allegations in the amended complaint, AACP and Defendant-Appellee Akron City School District Board of Education ("the Board") entered into a series of collective bargaining agreements establishing the terms and conditions of employment for bargaining members. AACP is the duly recognized and certified collective bargaining

representative for all employees who work for the Board in certain job specialties. The collective bargaining agreement at issue in the instant matter ("current CBA") was not ratified until August 2020, but was effective from July 1, 2019 through June 30, 2022. The previous collective bargaining agreement ("prior CBA") expired on June 30, 2019. During the period between the expiration of the prior CBA and the ratification of the current CBA the parties operated under the prior CBA.

{¶3} The current CBA included a 2.1% wage increase provision that was effective July 1, 2019. The Board did not issue retroactive pay raises to Former Employees, who were employed after the expiration of the prior CBA but left employment before the current CBA was ratified.

{¶4} On November 9, 2020, AACP brought a grievance on behalf of Former Employees alleging that they were entitled to payment for the amount of the wage increase for the time they worked after July 1, 2019 until they left employment. It appears the Board denied the grievance as AACP and Former Employees alleged in the amended complaint that only non-binding arbitration was provided for in the CBA, and, thus, AACP was authorized to pursue issues in the courts prior to the exhaustion of the grievance procedures under the CBA.[1] In January 2021, AACP and Former Employees filed a complaint for breach of contract against the Board. An amended complaint was filed in May 2021. AACP and Former Employees alleged that the Board breached the current CBA by failing to issue retroactive pay raises to Former Employees. The Board filed an answer.

---

[1] Any issues related to the exhaustion of the grievance procedure are not before us in this appeal.

{¶5}    Thereafter, AACP and Former Employees filed a motion for judgment on the pleadings.  The Board then filed a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, a motion for judgment on the pleadings.

{¶6}    In its motion, inter alia, the Board argued that the State Employment Relations Board ("SERB") has exclusive jurisdiction over the claim.  AACP and Former Employees opposed the motion.  A reply and surreply were subsequently filed with leave of court.  In August 2021, the trial court concluded that it lacked subject matter jurisdiction over the action as the claim arose or depended upon collective bargaining rights created by R.C. Chapter 4117 and granted the motion to dismiss.

{¶7}    AACP and Former Employees have appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING THAT IT LACKED SUBJECT MATTER JURISDICTION TO [] HEAR THIS MATTER AND SUBSEQUENTLY GRANTING APPELLEE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶8}    AACP and Former Employees argue in their sole assignment of error argue that the trial court erred in concluding that it lacked subject matter jurisdiction over the matter and dismissing the case.

{¶9}    "Civ.R. 12(B)(1) provides a mechanism for a defendant to seek the dismissal of a complaint for lack of subject matter jurisdiction."  (Internal quotations and citation omitted.) *Lorain Cty. Children Servs. v. Gossick*, 9th Dist. Lorain No. 13CA010476, 2014-Ohio-3865, ¶ 10. "A complaint may only be dismissed under Civ.R. 12(B)(1) when it raises no cause of action that is cognizable by the forum."  *Jones v. Summit Cty. Job & Family Servs.*, 9th Dist. Summit No.

27708, 2016-Ohio-4940, ¶ 5. "The rule allows the trial court to consider evidence beyond the pleadings for purposes of determining whether it possesses subject matter jurisdiction to consider the claim. When making such a determination in the absence of a hearing, however, the trial court must view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party [and] * * * resolve all reasonable competing inferences in favor of such non-moving party." (Internal citations and quotations omitted.) *Gossick* at ¶ 10. "This Court reviews a motion to dismiss for lack of subject matter jurisdiction de novo." *Jones* at ¶ 5.

{¶10} "The current R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." (Internal quotations and citation omitted.) *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶ 16. "The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." *Sutula* at ¶ 16, quoting *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9,* 59 Ohio St.3d 167 (1991), paragraph one of the syllabus. "The issue of SERB's exclusive jurisdiction does not depend on the existence or exhaustion of a grievance procedure." *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, ¶ 47 (2d Dist.).

{¶11} "[T]he dispositive test is whether the claims arise from or depend on the collective bargaining rights created by R.C. Chapter 4117." (Internal quotations and citations omitted.) *Sutula* at ¶ 20. "Therefore, SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims." (Internal quotations and citations omitted.) *Id.* "[E]xclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging

an unfair labor practice under R.C. 4117.11; or (2) a complaint brought before the court of common pleas alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, and the trial court therefore dismisses the complaint for lack of subject-matter jurisdiction." *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128 (1994).

{¶12} However, "[w]hen a party has asserted claims that are independent of R.C. Chapter 4117, [the Supreme Court has] recognized that jurisdiction lies with a common pleas court, not SERB." *State ex rel. the City of Cleveland v. Russo*, 156 Ohio St.3d 449, 2019-Ohio-1595, ¶ 17. Nonetheless, "[a]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117." (Internal quotations and citations omitted.) *Sutula* at ¶ 23. Again, the determining factor is whether the claim arises from or depends upon the collective bargaining rights created by R.C. Chapter 4117. *Sutula* at ¶ 20; *Russo* at ¶ 14.

{¶13} Here, AACP and Former Employees allege that the current CBA was violated when the Board failed to issue retroactive pay raises to Former Employees. Thus, a central issue to this dispute is whether the retroactive wage increase provision of the current CBA, which was only ratified after Former Employees left employment with the Board but was effective while Former Employees were still employed, applies to Former Employees.

{¶14} Here, we conclude that this matter is comparable to the situation in *Bd. of Trumbull Cty. Commrs. v. Gatti*, 11th Dist. Trumbull No. 2017-T-0027, 2017-Ohio-8533. That matter involved a union employee who was injured while working for the county engineer's office. *Id.* at ¶ 2. Under the CBA, the employee was required to "share in the cost of hospitalization-insurance

benefits while on workers' compensation after the employee has been receiving workers'-compensation benefits for a certain period of time." *Id.* at ¶ 3. When the employee failed to pay his share, a complaint was filed against him alleging breach of contract and unjust enrichment. *Id.* ¶ 3-4. The employee claimed that the trial court lacked subject matter jurisdiction because SERB had jurisdiction as the claims arose from or depended upon rights created by the CBA. *Id.* at ¶ 6. The trial court denied the motion to dismiss. *Id.*

{¶15} On appeal, the court affirmed that the trial court possessed subject matter jurisdiction. *Id.* at ¶ 15. In so doing, the court stated that "neither party made an allegation relating to an unfair labor practice; rather, appellees sought remuneration for appellant's failure to pay his proportional share of the hospitalization-insurance premium. Although appellant's duty to pay his share and appellees' right to reimbursement arise out of the CBA, there is no provision under R.C. Chapter 4117 that creates such rights or obligations." *Id.* at ¶ 15. In the court's view, "appellees' right to reimbursement [was] independent of the rights created by R.C. Chapter 4117 * * *." *Id.*

{¶16} Likewise, despite the Board's arguments to the contrary, we cannot say that the claim here involves an unfair labor practice. Instead, Former Employees seek a retroactive pay raise. Although Former Employees alleged right to a retroactive pay raise arose out of the current CBA, we disagree that R.C. Chapter 4117 creates any such right or obligation. Again, "the dispositive test is whether the claims arise from or depend on the collective bargaining *rights* created by R.C. Chapter 4117[,]" not the collective bargaining agreement. (Internal quotations and citations omitted. Emphasis added.) *Sutula* at ¶ 20. AACP's and Former Employees' assignment of error is sustained.

III.

**{¶17}** The assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

RACHEL M. REIGHT and BRAD M. ZEBEDIS, Attorneys at Law, for Appellants.

CHRISTIAN M. WILLIAMS and MILKO CECEZ, Attorneys at Law, for Appellee.