[Cite as *Tipp City Edn. Assn. v. Tipp City Exempted Village School Dist. Bd. of Edn.*, 2023-Ohio-4000.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| TIPP CITY EDUC. ASS'N, et al. | : | |
| | : | |
| Appellants | : | C.A. No. 2023-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 23 CV 90 |
| | : | |
| TIPP CITY EXEMPTED VILLAGE SCHOOL DISTRICT BD OF EDUC. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 3, 2023

. . . . . . . . . . .

STEPHEN R. KEENEY & SUSAN D. JANSEN, Attorneys for Appellants

LISA M. BURLESON, SUSAN KEATING ANDERSON, ADRIENNE B. KIRSHNER, & DAVID S. HIRT, Attorneys for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Plaintiffs-Appellants Tipp City Education Association ("TCEA") and Jennifer Wightman appeal from the trial court's order dismissing their complaint for lack of subject matter jurisdiction. For the reasons outlined below, the judgment of the trial court will be affirmed in part and reversed in part.

## I.    Facts and Procedural History

**{¶ 2}**   TCEA is the exclusive collective bargaining representative and a party to a certain collective bargaining agreement ("the CBA") representing a bargaining unit of teachers and other employees at Defendant-Appellee Tipp City Exempted Village School District Board of Education ("the District"). Wightman is an elementary teacher in the District and a member of TCEA.

**{¶ 3}** The CBA executed between the District and TCEA governs employee wages, hours, and terms and conditions of employment in the District, and it includes a four-step grievance procedure. In September 2022, the District received complaints from parents regarding Wightman. Thereafter, TCEA filed a grievance on behalf of Wightman pursuant to Section 5.03 of the CBA, which sets forth the grievance procedure and includes non-binding mediation in the final step. In the grievance, TCEA alleged that the District had violated Section 7.12 of the CBA when it received parental complaints about Wightman but failed to encourage the complainants to first discuss their complaints with her.

**{¶ 4}** Subsequently, Wightman was issued an unpaid suspension by the District. In October 2022, Wightman filed another grievance alleging that the District had violated Section 7.11(B)(2) and 7.11(B)(3) of the CBA when it disciplined Wightman without good and just cause and failed to apply discipline in a progressive manner. According to the parties, TCEA, Wightman, and the District proceeded through grievance steps I through IV as outlined in the CBA but were unable to resolve the grievances. According to the CBA, if consensus is not reached during mediation, the grievant "may seek resolution through legal options."

{¶ 5} In March 2023, TCEA and Wightman filed their complaint in the trial court pursuant to R.C. 4117.09(B)(1) alleging a breach of the CBA. Thereafter, the District filed a motion to dismiss the complaint, claiming that the trial court lacked subject matter jurisdiction under Civ.R. 12(B)(1). Specifically, the District argued that TCEA and Wightman's claims arose from the CBA and that the Ohio State Employment Relations Board ("SERB") had exclusive jurisdiction over such claims. In turn, TCEA and Wightman argued that the trial court had jurisdiction over breach of contract claims related to the CBA under R.C. 4117.09(B)(1) and, thus, the District's motion to dismiss should be denied.

{¶ 6} The trial court subsequently granted the District's motion to dismiss, finding that SERB had exclusive jurisdiction over the dispute and, thus, the trial court lacked subject matter jurisdiction. In so holding, the trial court reasoned that the dispute between the parties had arisen from the grievance procedure delineated in the CBA and, thus, SERB had exclusive jurisdiction over the dispute. The trial court dismissed the complaint, and TCEA and Wightman appealed.

## II.     Assignment of Error

{¶ 7} TCEA and Wightman assert the following assignment of error:

The trial court erred when it granted defendant's motion to dismiss for lack

of subject matter jurisdiction.

{¶ 8} The threshold issue before the trial court was whether it had subject matter jurisdiction over Plaintiffs-Appellants' claims. *See Turner v. Ohio Dept. of Rehab. & Corr.,* 180 Ohio App.3d 86, 2008-Ohio-6608, 904 N.E.2d 566, ¶ 9 (10th Dist.) ("Whether there

is subject matter jurisdiction is a threshold question that will prevent a court from reaching the underlying issues in a case."). Civ.R. 12(B)(1) allows parties to move for dismissal based on "lack of jurisdiction over the subject matter." *Everhart v. Merrick Mfg.*, 2d Dist. Montgomery No. 29520, 2022-Ohio-4626, ¶ 31. "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *Id.*, quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989), citing *Avco Fin. Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 67, 520 N.E.2d 1378(10th Dist.1987).

**{¶ 9}** "Appellate review of dismissals under Civ.R. 12(B)(1) is de novo." *Everhart* at ¶ 31, quoting *Cook v. Pitter Patter Learning Ctr., LLC*, 2d Dist. Montgomery No. 29260, 2022-Ohio-961, ¶ 17, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State of Ohio*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. "This means we apply the same standards as the trial court." *Id.*, citing *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 26 (2d Dist.).

**{¶ 10}** Chapter 4117 of the Ohio Revised Code pertains to public employees' collective bargaining. "The enactment of R.C. Chapter 4117 established a framework for resolution of labor disputes in the public sector by creating new rights and by setting forth specific procedures and remedies for asserting those rights." *Young v. Ohio State Univ. Hosps.*, 10th Dist. Franklin No. No. 16AP-527, 2017-Ohio-2673, ¶ 14, citing *Crable v. Ohio Dept. of Youth Servs.*, 10th Dist. Franklin No. 09AP-191, 2010-Ohio-788, ¶ 9, citing *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991); *see Dayton v. Fraternal Order of Police*,

*Captain John C. Post Lodge No. 44*, 2d Dist. Montgomery No. 18158, 2000 WL 706829 (June 2, 2000) ("R.C. Chapter 4117 sets forth the rights and obligations of public employers, public employees, and public employee organizations insofar as they engage in collective bargaining."); *see also State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 289, 667 N.E.2d 929 (1996) ("[I]f a party asserts claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.").

{¶ 11} "Subject-matter jurisdiction is the power conferred upon a court, either by constitutional provision or by statute, to decide a particular matter or issue on its merits." *Career & Technical Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 11th Dist. Lake No. 2021-L-113, 2022-Ohio-2737, ¶ 25, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). SERB is a state agency created by R.C. Chapter 4117. *Id.*, citing R.C. 4117.02(A); *see also State ex rel. Brecksville Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 74 Ohio St.3d 665, 666, 660 N.E.2d 1199 (1996). "When the General Assembly intends to vest an administrative agency with exclusive jurisdiction, it does so by appropriate statutory language." *State ex rel. Ohio Civ. Serv. Emps. Assn.* at ¶ 52, citing *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 171-172, 712 N.E.2d 742 (1999). Because SERB is a state agency and a creation of statute, it is limited to the authority and jurisdiction conferred on it by statute. *Id.* at ¶ 51.

{¶ 12} In their sole assignment of error, TCEA and Wightman first argue that the trial court had subject matter jurisdiction under R.C. 4117.09(B)(1). R.C. 4117.09 sets

forth certain requirements for written collective bargaining agreements. Specifically, R.C. 4117.09(B)(1) states that a written collective bargaining agreement shall contain a provision that "provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter." Furthermore, "a party to the agreement *may bring suits for violation of agreements* or the enforcement of an award by an arbitrator *in the court of common pleas* of any county wherein a party resides or transacts business." (Emphasis added.) R.C. 4117.09(B)(1). Thus, R.C. 4117.09(B)(1) "expressly allows for suits alleging violations of collective bargaining agreements to be brought in common pleas courts." *Young* at ¶ 13, quoting *Moore v. Youngstown State Univ.*, 63 Ohio App.3d 238, 242, 578 N.E.2d 536 (10th Dist.1989).

{¶ 13} Additionally, TCEA and Wightman argue that the trial court had subject matter jurisdiction under the weight of legal authority in Ohio case law. In support of their argument, TCEA and Wightman assert that the Third, Ninth, Tenth, and Eleventh Districts have held that common pleas courts have jurisdiction over claims for breaches of collective bargaining agreements. *Northwest State Community College v. Northwest State Community College Edn. Assn. OEA/NEA*, 3d Dist. Henry No. 7-16-11, 2016-Ohio-8393, ¶ 37 (SERB did not have exclusive jurisdiction over union's claim that state community college had violated a collective bargaining agreement by eliminating a union position and creating an equivalent non-union position; thus the case was subject to arbitration where there was no assertion of unfair labor practices.); *Akron Assn. of*

*Classified Personnel v. Akron City School Dist. Bd. of Edn.,* 9th Dist. Summit No. 30098, 2022-Ohio-3216, ¶ 16 (SERB did not have exclusive jurisdiction over former employees' claim that the school board denied their right to a retroactive pay raise as set forth in their CBA because their claim did not arise from or depend on the collective bargaining rights created by R.C. Chapter 4117); *Moore* at 241-42 (R.C. 4117.09(B)(1) specifies that suits for violations of a collective bargaining agreement are to be brought in the common pleas courts of this state); *Bd. of Trumbull Cty. Commrs. v. Gatti*, 11th Dist. Trumbull No. 2017-T-0027, 2017-Ohio-8533, ¶ 15 (SERB did not have exclusive jurisdiction where a party's duty to pay his proportional share of a hospitalization-insurance premium and the other party's right to reimbursement of that share arose out of the CBA but there was no provision under R.C. Chapter 4117 that created such rights or obligations and no provision under which the breach of contract or unjust enrichment claims might have fallen); *Career & Technical Assn.* at ¶ 28 (SERB did not have exclusive jurisdiction over dispute where all teachers were required to engage in a planning period before commencement of their classroom instruction day, as the substance of the allegations did not relate to an unfair labor practice act under R.C. 4117.11); *see also Fraternal Order of Police, Capital City Lodge No. 9*, 64 Ohio App.3d at 689, 582 N.E.2d 669 ("It is clear [based on the language of R.C. 4117.09(B)(1)] that the intent of the General Assembly in establishing this limited jurisdiction within the common pleas court is limited to those instances where it is claimed that there has been a violation of a collective bargaining agreement or for the enforcement of an arbitrator's award.").

{¶ 14} "Exclusive jurisdiction to resolve unfair labor practice charges is vested in

SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *Career & Technical Assn.* at ¶ 26, quoting *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23. "Nowhere in R.C. Chapter 4117 does the General Assembly assign SERB exclusive jurisdiction over all issues touching on that chapter's provisions. Instead, the General Assembly targeted specific issues for SERB to address in the first instance." *Id.*, citing *State ex rel. Ohio Civ. Serv. Emps. Assn.* In fact, the Supreme Court has "expressly acknowledged * * * that a plaintiff may raise in the common pleas courts rights that exist independently of R.C. Chapter 4117, 'even though they may touch on the collective bargaining relationships.' " (Citations omitted.) *Id.* Thus, if a party "advances claims that 'arise from or depend on the collective bargaining rights created by R.C. Chapter 4117,' SERB has exclusive, original jurisdiction." (Citations omitted.) *Id.* However, "if a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court." (Citations omitted.) *Id.* *See also State ex rel. City of Cleveland v. Russo*, 156 Ohio St.3d 449, 2019-Ohio-1595, 129 N.E.3d 384, ¶ 14, citing *Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d 167, 572 N.E.2d 87, at paragraph two of the syllabus. When determining SERB's exclusive jurisdiction, "the dispositive test is whether the claims arise from or depend on the collective bargaining *rights* created by R.C. Chapter 4117[,]" not the collective bargaining agreement. (Emphasis added.) *Akron Assn. of Classified Personnel* at ¶ 16, citing *State ex rel.*

*Cleveland v. Sutula,* 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 20.

{¶ 15} Upon our review, we agree with TCEA and Wightman that the trial court had subject matter jurisdiction under R.C. 4117.09(B)(1) and under the weight of authority in Ohio case law. TCEA and Wightman did not file charges with SERB alleging an unfair labor practice under R.C. 4117.11; rather, the claims in their complaint addressed Wightman's rights as set forth in the CBA regarding parental complaints, good and just cause discipline, and progressive discipline and did not allege conduct that constituted an unfair labor practice specifically enumerated in R.C. 4117.11. Thus, we cannot say that the allegations here constitute unfair labor practices subject to SERB's exclusive review. Since the rights at issue are found in the CBA but not in R.C. Chapter 4117, SERB did not have exclusive jurisdiction over this matter, and the trial court's subject matter jurisdiction came from the terms of the CBA, not from R.C. Chapter 4117.

{¶ 16} TCEA, as the collective bargaining unit, is a party to the CBA. As already explained, by its plain terms, R.C. 4117.09(B)(1) applies to violations of collective bargaining agreements or the enforcement of an award by an arbitrator. Since the plain language of R.C. 4117.09(B)(1) specifically grants a party the right to sue for a violation of the collective bargaining agreement in the common pleas court, and because TCEA is a party to the CBA and brought this action for breach of the CBA, we conclude that the trial court erred in holding that it lacked subject matter jurisdiction and in dismissing TCEA's claims. Therefore, we reverse the judgment of the trial court as it related to TCEA.

{¶ 17} Lastly, however, the District argues that Wightman lacked standing in this matter, as R.C. 4117.09(B)(1) specifically applies to a "party" to the CBA. As the District

correctly points out, Wightman, as a public employee union member, was not a "party" to the CBA between her union (TCEA) and the District. *See Young,* 10th Dist. Franklin No. 16AP-527, 2017-Ohio-2673, ¶ 16, citing *Brondes v. Internatl. Unions of Police Assn., AFL-CIO Local 71*, 3d Dist. Hancock No. 5-02-33, 2002-Ohio-5800, ¶ 12 ("Union members are not 'parties' to a collective bargaining agreement."); *Daughriety v. State of Ohio, Mount Vernon Dev. Ctr.*, 5th Dist. Knox No. 94 CA 03, 1994 WL 528026, *2 (Sept. 19, 1994) (noting the court's previous holdings that "the union and the employer are the proper parties in an action concerning public sector labor, and that an individual employee cannot bring a private lawsuit [under R.C. Chapter 4117]"). Thus, R.C. 4117.09(B)(1) does not afford Wightman the right to file a claim in the court of common pleas, because such a claim is not cognizable in the court of common pleas. *Young* at ¶ 16, citing *Brondes* at ¶ 12 (R.C. 4117.09 does not authorize "an original action by an individual employee in common pleas court"). Because Wightman is an individual employee and not a party to the CBA, we agree with the District that Wightman could not bring a private lawsuit under R.C. Chapter 4117. Therefore, we affirm the trial court's order of dismissal with respect to Wightman.

{¶ 18} Plaintiffs-Appellants' assignment of error is sustained in part and overruled in part.

### III.    Conclusion

{¶ 19} The judgment of the trial court is reversed in part and affirmed in part as set forth above.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.